

DLA Piper LLP (US)
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Jonathan Siegfried
Jonathan.Siegfried@dlapiper.com
T   212.335.4925
F   212.884.8477

April 21, 2020
VIA ECF

The Honorable Gregory H. Woods
United States District Court Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 2260
New York, NY 10007

> Re:   *Averbach, et al. v. Cairo Amman Bank*, No. 1:19-cv-00004-GHW-KHP (S.D.N.Y.)

Dear Judge Woods:

    We represent Defendant Cairo Amman Bank ("CAB") in the above-referenced action and write pursuant to Fed. R. Civ. P. 12(b)(6) and Your Honor's Individual Rule of Practice in Civil Cases 2.C.i to "set[ ] forth the grounds" for CAB's proposed motion to dismiss Plaintiffs' Amended Complaint (ECF No. 63) and to request a related pre-motion conference. We have conferred with opposing counsel, and this letter is being sent on consent of all parties.

    Plaintiffs' Amended Complaint asserts two claims against CAB pursuant to the civil remedies provision of the Anti-Terrorism Act, 18 U.S.C. § 2331, *et. seq*. First, Plaintiffs attempt to replead their previously-dismissed Section 2333(d)(2) claim against CAB for aiding and abetting a series of terrorist attacks perpetrated by Hamas in Israel between 2000 and 2004. Am. Compl. ¶¶ 1021-31. But the Amended Complaint fails to cure the dispositive pleading deficiencies that were previously identified by this Court in dismissing this claim in Plaintiffs' initial Complaint (*see* ECF No. 61), and by Magistrate Judge Katharine H. Parker, in recommending that disposition (*see* ECF No. 53). Second, Plaintiffs assert a Section 2333(a) claim for primary liability that did not appear in their initial Complaint and for which the Amended Complaint provides no plausible factual basis. Am. Compl. ¶¶ 1032-42.

    **Section 2333(d)(2) Aiding And Abetting Claim**. This Court and Magistrate Judge Parker found that Plaintiffs' initial Complaint (a) "failed to allege the 'general awareness' necessary to prove a Section 2333(d)(2) aiding and abetting claim" (ECF No. 61 at 2; ECF No. 53 at 28 (finding "none of the allegations sufficient to render it plausible that CAB was generally aware that by providing financial services to the Account Holders, it was assuming a role in Hamas's terrorist activities")), and also (b) "failed to adequately plead [the] substantial assistance" element of their Section 2333(d)(2) claim (ECF No. 61 at 3; ECF No. 53 at 35-37

DLA PIPER

(detailing Plaintiffs' pleading deficiencies with respect to the six factors required to meet the substantial assistance element of a Section 2333(d)(2) claim)).

Nothing in Plaintiffs' Amended Complaint requires this Court to disturb its previous findings. The Amended Complaint essentially repeats the allegations of the initial complaint. To the extent it contains new allegations regarding "general awareness," they are either conclusory, post-date the attacks at issue, or suffer from the same defects previously identified by this Court and Magistrate Judge Parker. ECF No. 61 at 2. Nor does the Amended Complaint plausibly allege that CAB provided "knowing and substantial assistance" for the terrorist attacks that caused their injuries, or cure the deficiencies previously identified by the Magistrate Judge in her Report and Recommendation regarding this element. ECF No. 53 at 35-37.

**Section 2333(a) Primary Liability Claim**. The Amended Complaint now asserts a claim for primary liability. Am. Compl. ¶¶ 1032-42. It, too, is defective. To plead such a claim, Plaintiffs are required to plausibly allege that CAB itself committed "acts of international terrorism" that proximately caused Plaintiffs' injuries. *Linde v. Arab Bank, PLC*, 882 F.3d 314, 326 (2d Cir. 2018). In other words, Plaintiffs must plausibly allege that CAB's *own* actions "involve[d] violent acts or acts dangerous to human life" and that those actions "appear[ed] to be intended … to intimidate or coerce a civilian population [or] to influence the policy of a government by intimidation or coercion." 18 U.S.C. § 2331(1). The Amended Complaint fails to do so. As numerous courts have found in rejecting similar claims against other banks (including banks sued by these same plaintiffs), a defendant bank's provision of financial services, "which are not inherently violent or dangerous," do not qualify as an act of international terrorism. *See, e.g.*, *Kaplan v. Lebanese Canadian Bank, SAL*, 405 F. Supp. 3d 525, 532 (S.D.N.Y. 2019); *Freeman v. HCBS Holdings PLC*, 413 F. Supp. 3d 67, 91 (E.D.N.Y. 2019); *Weiss v. National Westminster Bank, PLC*, 381 F. Supp. 3d 223, 235 (E.D.N.Y. 2019). The Amended Complaint also fails to plausibly establish the requisite proximate causal link between CAB's financial services and Plaintiffs' injuries. *Zapata v. HSBC Holdings PLC*, No. 17-cv-6645, 2019 WL 4918626, at *9 (S.D.N.Y. Sept. 20, 2019) ("Proximate causation in the ATA context … requires … a sufficiently direct relationship between the conduct in question and the injuries for which recovery is sought."); *Owens v. BNP Paribas, S.A.*, 897 F.3d 266, 276 (D.C. Cir. 2018) (affirming dismissal of Section 2333(a) claim where plaintiffs failed plausibly to allege that funds transferred by the defendant bank reached the FTO and aided it in committing the bombings that injured plaintiffs).

Plaintiffs have advised that while they disagree with CAB's position as set forth in this letter regarding the sufficiency of their pleading, they do not oppose CAB's request to file a Rule 12(b)(6) motion to dismiss. In light of the foregoing and the agreement of the parties, and given



The Honorable Gregory H. Woods
April 21, 2020
Page Three

the Court's familiarity with the issues in this case, and the current situation involving the Covid-19 virus, should the Court wish to dispense with a pre-motion conference, the parties have no objection. Should the Court feel otherwise, the parties will, of course, make themselves available as the Court sees fit.

**Proposed Briefing Schedule**. The parties have also conferred on a proposed briefing schedule, keeping in mind some of the difficulties posed by the current environment, including international communications. Having conferred, the parties respectfully request that the Court set the following schedule: moving papers shall be due on or before May 22, 2020; opposition papers shall be due on or before June 25, 2020; and reply papers, if any, shall be due on or before July 17, 2020.

                                      Respectfully submitted,

                                      /s/Jonathan Siegfried
                                      Jonathan Siegfried