UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
JULIE AVERBACH FOR THE ESTATE OF STEVEN :
AVERBACH, *et al.*, :
 :
          Plaintiffs, :
 : **No. 19-cv-00004-GHW-KHP**
    -against- :
 : **JOINT STIPULATION AND**
CAIRO AMMAN BANK, : **PROPOSED PROTECTIVE**
 : **ORDER**
          Defendant. :
------------------------------------------------------------------------x

This matter comes before the Court in the above-captioned case (the "Litigation") by stipulation of the respective Plaintiffs and Defendant (individually, a "Party" and together, the "Parties") for the entry of a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502(d) of the Federal Rules of Evidence (the "Protective Order"). Having found that the Parties, by, between, and among their respective counsel, have stipulated and agreed to the terms set forth herein, and good cause having been shown for the Parties to enter into a stipulation for this purpose,[1]

THE FOLLOWING IS STIPULATED BY THE PARTIES AND SO ORDERED BY THIS COURT.

    **A.**    **Purpose:**

This Protective Order is being entered into to facilitate the production, exchange, and discovery of documents and information, including materials that may be claimed as privileged or protected documents that were inadvertently produced, or information that a Party contends merits

---

[1] The Parties are familiar with Magistrate Judge Parker's Model Stipulation and Draft Protective Order. This Stipulation follows Judge Parker's Model but includes additional clarifying language and procedures.

confidential treatment. This Protective Order shall govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admission, responses to requests for production, third-party discovery productions, and any other information or material produced, given, or exchanged by and among the Parties and any non-parties to the Litigation in connection with discovery in the Litigation.

**B.** **Definitions:**

1. "Party" means any party (including Plaintiffs collectively) to this Litigation and, as to Plaintiffs, any legal guardians or guardians ad litem, and as to Defendant, any officers, directors, or employees, and, as to both Plaintiffs and Defendant, counsel of record for the Parties (and their support staff).

2. "Discovery Material" includes, but is not limited to, all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, tangible things, and electronically stored information ("ESI")), that are produced or generated in disclosures or responses to discovery in this Litigation.

3. "Producing Party" means a Party or non-party that produces or otherwise discloses, communicates, or makes available Discovery Material in this Litigation.

4. "Receiving Party" means a Party or non-party that receives Discovery Material from a Producing Party in this Litigation.

5. "Designating Party" means a Party or non-party that designates Discovery Material as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" in this Litigation pursuant to Section D of this Protective Order.

6. "Protected Information" means all Discovery Material, or portions thereof, which have been designated by a Designating Party as comprising or containing "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" pursuant to Section D of this Protective Order, as well as any copies, summaries or abstracts thereof.

7. "Outside Counsel" means attorneys who are not employees of a Party but who are retained to represent or advise a Party with respect to this Litigation.

8. "Expert" means a person with specialized knowledge or experience in a matter pertinent to the Litigation who is not an employee of a Party but has been retained by a Party or its counsel to serve as an expert witness or as a non-testifying consultant in this Litigation. This definition includes professional jury or trial consultants retained in connection with this Litigation.

9. "Professional Vendors" means persons or entities that provide litigation support services (*e.g.*, document collection and storage; photocopying; videotaping; translating; preparing exhibits or demonstratives; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

10. "Privileged Documents" means documents that a Producing Party believes constitute, contain, or reflect information protected by the attorney-client privilege, the common interest privilege, the work product doctrine, or any other privilege or immunity from discovery.

### C. **Use of Discovery Material:**

All Discovery Material (or any copies, summaries, or abstracts thereof) shall be used solely for the purpose of conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation). However, a Party may move before the Court in this Litigation by letter motion to request permission to use Discovery Material in another case or matter. To the extent Discovery Material has been produced pursuant to a customer's waiver of foreign bank secrecy laws, and a Party files a motion to request permission to use Discovery Material in another case or matter, the Designating Party who obtained the customer's waiver shall promptly notify the customer of the motion, which customer will have a reasonable opportunity to object to said motion, as will the Designating Party.

### D. **Designating Protected Information:**

1. A Producing Party may designate Discovery Material as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" under this Protective Order if it has a good faith basis for the designation.

2. "Confidential Information" includes Discovery Material that constitutes and/or contains (i) sensitive commercial data, such as confidential or proprietary research, development, manufacturing, or commercial or business information that constitute trade secrets, special formulas, company security matters, customer lists, financial information, projected sales data, production data, matters relating to mergers and acquisitions, and pricing data, and other potentially sensitive information that constitute trade secret information or proprietary information; and (ii) sensitive personal data, such as personal identifiers (*e.g.* social security numbers, dates of birth, passport numbers), physical and electronic addresses, telephone numbers, financial information, tax records, employer personnel records, medical and non-public legal

records, files and reports, non-public criminal history and other similar sensitive personal data that may be subject to U.S. or foreign laws.

3. "Confidential Information – Attorneys' Eyes Only" refers to Confidential Information regarding proprietary and/or commercial data, as discussed in Section D(2)(i), that constitute trade secret information or proprietary information that, if disclosed to persons other than counsel and their non-party vendors or Experts, would provide a competitive advantage to competitors or compromise or jeopardize the Designating Party's business interests if disclosed.

4. In the case of documents, interrogatory answers, responses to requests to admit, ESI (other than that produced in native form), or affidavits or declarations and exhibits thereto, and the information contained therein, designation shall be made by marking or stamping each page as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in a manner that does not obscure the content contained on the page. ESI produced in native format may be designated by including a "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation in the file name or in a confidentiality metadata field, and material produced in a non-paper media (*e.g.*, videotape, audiotape, computer disc) may be designated as such by labeling the outside of such non-paper media as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." In the alternative, designation may be made by providing written notice of the designation to counsel of record for all Parties at the time of production.

5. All depositions shall presumptively be treated as Confidential Information subject to this Protective Order during the deposition and until thirty (30) days after receipt by counsel of the transcript, unless otherwise specified in writing or on the record of the deposition by the Designating Party as "Confidential Information – Attorneys' Eyes Only." At or before the

end of such thirty (30) day period, the deposition, or pages thereof, may be designated for future purposes as Protected Information by any Party or, where applicable, by the non-party providing the deposition testimony. Notice of such designation shall be made in writing to the court reporter, with copies to counsel for the Parties, specifying the portion(s) of the transcript and exhibits that constitute or contain Protected Information and are to be marked accordingly. Transcripts containing testimony or exhibits designated as containing Protected Information shall be marked by the court reporter with the legend "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION" or "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION – ATTORNEYS' EYES ONLY," and shall be treated in accordance with the provisions of this Protective Order.

6. The parties agree to extend the provisions of this Protective Order to Confidential Information produced in this case by any third party in response to discovery requests or subpoenas, if timely requested by the third party prior to any such production, but subject to the provisions contained in Section G.

E. **Use and Disclosure of Protected Information:**

1. Except with the prior written consent of the Designating Party or by order of the Court, Confidential Information shall not be furnished, shown, or disclosed by the Receiving Party to any person or entity except to:

   a. Counsel of record for the Parties to this Litigation and their associated attorneys, paralegals, and other professional personnel (including support staff) who are actively engaged in conducting the Litigation on behalf of the Parties;

   b. Experts or non-testifying consultants who are employed or retained by a Party in connection with this Litigation, and members of the Experts' or non-testifying consultants' staff working under the Experts' or non-testifying consultants' supervision, provided, however, that such

<blockquote>

Protected Information is furnished, shown, or disclosed to them in accordance with Section E(4) hereof;

c. Professional Vendors retained by the Parties or their counsel to furnish technical services in connection with this Litigation, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(4) hereof;

d. the Court and court personnel, if filed in accordance with Section E(7) hereof;

e. an officer before whom a deposition is taken, including stenographic reporters, videographers, and any necessary secretarial, clerical, or other personnel of such officer, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(4) hereof;

f. any mediator or arbitrator engaged by the Parties to this Litigation, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(4) hereof;

g. any other person specifically identified and agreed to in writing by the Parties;

h. trial and deposition witnesses, provided, however, that such Protected Information is furnished, shown, or disclosed in accordance with Section E(4), hereof; and

i. the officers, directors, personnel, and former personnel of Defendant to whom disclosure is reasonably necessary for this Litigation and who have been advised of their obligations hereunder.

</blockquote>

2. Except with the prior written consent of the Designating Party or by order of the Court, materials designated "Confidential Information – Attorneys' Eyes Only" shall not be furnished, shown, or disclosed by the Receiving Party to any person or entity except to those listed in Section E(1)(a), (b), (c), (d), (e), (f), (h) (with consent of the Parties), and (i).

3. All persons who are authorized to receive and are shown Protected Information by the Receiving Party pursuant to Section E(1)(b), (c), (e), (f), (g), (h), and (i), shall be provided a copy of this Protective Order prior to receipt of Protected Information, and shall in

a written and signed Confidentiality Agreement in the form annexed as Exhibit A, state that he or she has read this Protective Order and agrees to be bound by its terms. Counsel shall retain copies of the signed "Exhibit A" forms until final resolution of this Litigation, including appeals.

4. The persons listed in Sections E(1)(b), (c), (e), (f) and (h) are only authorized to receive Protected Information if such Protected Information is to be used in good faith in relation to this case, such as in preparation for, during the course of, or in review of deposition or (subject to the provisions of Section D(5)) hearing or trial testimony, and for no other purpose.

5. For the avoidance of doubt, nothing in Sections E(1) – (4), *supra*, shall prohibit any party from disclosing or showing documents to witnesses who are the employees of the Designating Party.

6. If a Receiving Party learns that, inadvertently or otherwise, it has disclosed Protected Information to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must promptly, after discovery of the disclosure, (a) notify the relevant Designating Party in writing of the unauthorized disclosure(s) and the identity of such persons(s) to whom Protected Information was disclosed, (b) make reasonable efforts to retrieve or have destroyed all copies of the Discovery Material containing Protected Information from the person or persons to whom unauthorized disclosures were made (the "Unauthorized Recipient(s)"), (c) inform the Unauthorized Recipient(s) of all the terms of this Protective Order, and (d) request the Unauthorized Recipient(s) to execute the undertaking attached hereto as Exhibit A.

7. Excluding any materials admitted into evidence for trial, if any Receiving Party wishes to file materials with the Court pre-trial that incorporates Protected Information or would reveal the contents of Protected Information, such filing (or the portions thereof that would

incorporate or reveal the contents of Protected Information) shall be provisionally filed under seal as an attachment to the filing party's motion for leave to file under seal and in accordance with the local rules pertaining to such filings.

8. The Receiving Party of any Protected Information under this Protective Order shall maintain such material in a reasonably secure location and manner that ensures access is limited to the persons authorized under this Protective Order. Protected Information shall not be copied, reproduced, summarized, extracted, or abstracted by the Receiving Party except to the extent doing so is reasonably necessary for conducting this Litigation (including for purposes of mediating or otherwise attempting to settle this Litigation), or the enforcement of insurance rights with respect to this Litigation. All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Protective Order and labeled in the same manner as the designated material on which they are based.

F. **Protected Information Subpoenaed or Ordered Produced to a Non-Party**:

1. If a Receiving Party is served with a subpoena or other process by any court, administrative or legislative body, law enforcement agency, or other non-party, which calls for the production of any Protected Information, the party to whom the subpoena or other process is directed, to the extent permitted by law, shall promptly notify the Producing Party, in writing, and in any event within 72 hours after service of a subpoena or other process, of the following: (a) the information and documents sought by the subpoena or other process and enclosing a copy of the subpoena or request; (b) the date on which compliance with the subpoena or other process is requested; (c) the location at which compliance with the subpoena is requested; (d) the identity of the party serving the subpoena or other process; and (e) the case name, jurisdiction and index, docket, complaint, charge, civil action or other identification number or designation identifying

the litigation, administrative proceeding, investigation or other proceeding in which the subpoena or other process has been issued.

2. The Receiving Party shall inform the person or entity seeking the Protected Information that such information is subject to this Protective Order. If a Producing Party timely objects to a disclosure of Protected Information, unless and until such objections are overruled by a court, or a court otherwise orders production of the Protected Information, no Receiving Party may produce or divulge the contents of the Protected Information, except with express written consent of the Designating Party.

G. **Disclosure of Protected Information**:

Any Discovery Material that may contain Protected Information that has been produced without identification as to its protected nature as provided in Section D of this Protective Order, may be later designated by the Party or non-party asserting the confidentiality designation by written notice to the undersigned counsel for all Parties and accompanied by substitute copies of each document or thing appropriately marked as Protected Information. To the extent such Discovery Material may have been disclosed to anyone not authorized to receive Protected Information, the Receiving Party shall make reasonable efforts to retrieve the information promptly and to avoid any further disclosure, in accordance with Section E(6), *supra*.

H. **Challenging Confidentiality Designation**:

If a Party believes that a document designated as Protected Information does not warrant such designation, the Party shall first make a good-faith effort to resolve such dispute with the Designating Party. In the event that the dispute cannot be resolved by the Parties, either Party may seek relief from the Court in an appropriate motion. The burden rests on the Designating Party to

demonstrate that such designation is proper. If such a motion is filed, the Discovery Material shall be deemed Protected Information unless and until the Court rules otherwise.

I. **Privileged Documents:**

1. To the maximum extent permitted by law, the Parties and their undersigned counsel agree, and the Court orders, that the production of documents by a Producing Party shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(d) regarding production of documents, ESI, or information protected by the attorney-client privilege, the work product doctrine, or any other privilege or protection from disclosure recognized under applicable law. This Protective Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

2. A Producing Party's inadvertent production or other disclosure in connection with this Litigation of one or more Privileged Documents shall not constitute, and may not be argued to constitute, a waiver of any applicable privilege or immunity with respect to such Privileged Documents or any other privileged materials or information. The Parties and their counsel do not intend by this Protective Order to waive their rights to any protection or privilege from disclosure, including but not limited to the attorney-client privilege and the attorney work product doctrine, all of which the Parties expressly reserve.

3. The procedure set forth below is intended to provide the Producing Party or the other Party and/or non-parties purporting to hold a privilege with an efficient method for "clawing back" privileged or protected information that has been inadvertently produced or disclosed, subject to any resolution of any dispute over the privileged or protected status of the information, and for foreclosing any arguments of waiver.

In the event a Producing Party discovers it has disclosed Privileged Documents, the Producing Party may provide written notice to all counsel of record advising of the disclosure and requesting the return or destruction of the Privileged Documents. Upon receiving notice from a Producing Party that it is requesting the return or destruction of Privileged Documents, the Receiving Party shall either (a) promptly return and/or destroy the document(s) and/or information and all copies, make a good faith effort to destroy any notes that reproduce, copy, or otherwise disclose the substance of the privileged or Protected Information, and notify the Producing Party's counsel of record when this is complete, or (b) to the extent the Receiving Party intends to challenge the designation of Privileged Documents, sequester all copies of the document(s) in a manner that will prevent further disclosure or dissemination of their contents pending further order of the Court.

4. Within five (5) business days of receiving notice from a Producing Party or its counsel requesting the return or destruction of Privileged Documents, the Receiving Party shall notify the Producing Party's counsel of record in writing whether the Receiving Party intends to challenge the designation of the documents as Privileged Documents. If the Receiving Party intends to challenge the designation, the document(s) shall remain sequestered pending Court resolution of the challenge, and the Receiving Party and its counsel shall view and use the document(s) at issue only to the extent necessary to challenge the privilege claim. The document(s) that the Receiving Party intends to challenge shall only be submitted to the Court under seal for an *in camera* review.

5. If the Receiving Party does not intend to challenge the designation of the document(s) as Privileged Documents, the Receiving Party and its counsel shall, within ten (10) business days of receiving such notice of production of Privileged Documents, destroy or return

all original documents identified by the Producing Party in such notice (whether electronic or hard copy), destroy or delete any and all copies (whether electronic or hard copy), and expunge information or material derived from the produced Privileged Documents from any other documents the Receiving Party possesses. To the extent the Receiving Party provided any disclosed Privileged Documents to any other person or non-party, the Receiving Party shall promptly make reasonable efforts to retrieve and destroy such Privileged Documents and notify the Producing Party's counsel of record, in writing, that it has done so.

6. The Parties shall undertake reasonable efforts to resolve the issue of whether the documents are privileged without court intervention. To the extent the Parties cannot resolve the issue, a Party may seek relief from the Court. No Party, however, may assert as a ground for compelling production the fact or circumstance that the Privileged Documents had already been produced until the Court determines the documents are not in fact privileged.

**J.     Preservation of Rights and Privileges:**

This Protective Order has no effect upon, and shall not apply to, the Producing Parties' use of its own Discovery Material for any purpose consistent with this Protective Order. Nothing herein, nor the production of any documents or disclosure of any information pursuant to this Protective Order, shall be deemed (a) to waive any right a Party otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Protective Order; or (b) an admission as to the admissibility in evidence of any facts or documents revealed in the course of disclosure.

**K.     Scope and Modification of the Protective Order:**

The provisions of this Protective Order shall be binding upon the Parties. All modification of, waivers of, and amendments to this Protective Order must be in writing and signed by, or on

behalf of, the Parties. This Protective Order may be changed by further order of this Court, and without prejudice to the rights of a Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

**L.	Use of Protected Information at Trial:**

Subject to the Federal Rules of Evidence, Protected Information may be offered and received into evidence at trial. A party agreeing to the entry of this Order does not thereby waive the right to object to the admissibility of the material in any proceeding, including trial. Any party may move the Court for an order that specific Protected Information be reviewed *in camera* or under other conditions to prevent unnecessary disclosure or may move the Court for an order seeking redaction or sealing of any trial exhibit, and nothing herein constitutes a waiver of any right by a Party to object to any such motion. The parties shall include, in any pretrial order entered in this Litigation, their proposed exhibit lists, including Bates numbers for each document, thereby providing the Designating Party with sufficient advance notice of the Protected Information sought to be introduced at trial to permit the Designating Party an opportunity to seek the relief contemplated by this provision.

**M.	Duration:**

The terms, conditions, and limitations of this Protective Order shall survive the termination of this Litigation and will continue to be binding upon all persons to whom Protected Information is produced or disclosed, until the Parties agree otherwise in writing or a court order otherwise directs.

**N.	Return of Protected Information:**

Within sixty (60) days after the final termination of this Litigation by settlement (including, to the extent applicable, final court approval of such settlement), or exhaustion of all appeals, the

Producing Party may notify the Receiving Party in writing that all Protected Information produced and all reproductions thereof that have not been publicly disclosed by the Court, the Producing Party, or with the consent of the Producing Party or put into evidence at trial, shall be returned to the Designating Party or shall be destroyed, and compliance with this requirement shall be promptly communicated in writing within sixty (60) days to the Designating Party. In the event that any Designating Party opts for destruction of its Protected Information, the Receiving Party shall certify, in writing, within sixty (60) days of receipt of the notice that it has undertaken its best efforts to destroy such physical objects and documents, and that such physical objects and documents have been destroyed to the best of its knowledge. Notwithstanding anything to the contrary, counsel of record for the Parties may retain copies of documents constituting work product, reports, pleadings, motion papers, discovery responses, deposition and trial transcripts, and deposition and trial exhibits. For the avoidance of doubt, Experts, Professional Vendors, and other third-parties who have received Protected Information shall also be required to return or destroy such Protected Information pursuant to the terms of this paragraph.

  **O.** **<u>Interpretation of Protective Order:</u>**

This Protective Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

Dated: June 15, 2022        BY:

        */s/ Andrew J. Peck*
        Jonathan D. Siegfried
        Andrew J. Peck
        DLA Piper LLP (US)
        1251 Avenue of The Americas
        New York, NY 10020
        212-335-4925
        Email: jonathan.siegfried@dlapiper.com
        Email: andrew.peck@dlapiper.com

        *Attorneys for Defendant Cairo Amman Bank*


        */s/ Ari Ungar*
        Ari Ungar
        Michael J. Radine
        Osen LLC
        190 Moore Street, Suite 272
        Hackensack, NJ 07601
        201-265-6400
        Email: aungar@osenlaw.com
        E-mail: mradine@osenlaw.com

        *Attorneys for Plaintiffs*



SO ORDERED: _____
        Katharine H. Parker
        United States Magistrate Judge

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JULIE AVERBACH FOR THE ESTATE OF STEVEN :
AVERBACH, *et al.*, :
:
        Plaintiffs, :
: **No. 19-cv-00004-GHW-KHP**
  -against- :
:
CAIRO AMMAN BANK, :
:
        Defendant. :
------------------------------------------------------------------x

# DECLARATION OF COMPLIANCE

I, _____, declare as follows:

1. My business address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____.

4. I have received a copy of the Protective Order entered in the above named action.

5. I have carefully read and understand the provisions of the Protective Order.

6. I agree to comply with all provisions of the Protective Order.

7. I will hold in confidence, and will not disclose to anyone not qualified under the Protective Order, any information, documents, or other materials produced subject to this Protective Order.

8. I will use such information, documents or other materials produced subject to this Protective Order only for purposes of this Litigation.

9. At the conclusion of my work on this matter, or upon request, I will return or destroy all information, documents, or other materials produced subject to this Protective Order, and all documents or things which I have prepared relating to the information, documents, or other

materials that are subject to the Protective Order, to my counsel in this action, or to counsel for the party by whom I am employed or retained or from whom I received the documents.

      10.    I understand that sanctions may be entered for intentional violation of the Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this Litigation.

Dated: _____          Signed: _____