Clerk's Office
Filed Date: 6/17/2022
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
ROBERT BARTLETT, et al.,

                Plaintiffs,         NOT FOR PUBLICATION
                                          **MEMORANDUM & ORDER**
   -against-                          19-cv-00007 (CBA) (VMS)

SOCIÉTÉ GÉNÉRALE DE BANQUE AU
LIBAN SAL, et al.,

                Defendants.
--------------------------------------------------------x

**AMON, United States District Judge:**

On November 25, 2020, I granted in part and denied in part Defendants' motions to dismiss Plaintiffs' amended complaint. See Bartlett v. Société Générale De Banque Au Liban SAL, No. 19-cv-7 (CBA) (VMS), 2020 WL 7089448, at *18 (E.D.N.Y. Nov. 25, 2020). As relevant here, I held that the complaint plausibly alleged aiding-and-abetting liability under the Justice Against Sponsors of Terrorism Act ("JASTA"). Since that ruling, the Second Circuit addressed aiding-and-abetting liability under the JASTA in Kaplan v. Lebanese Canadian Bank, SAL, 999 F.3d 842 (2d Cir. 2021) ("Kaplan II"), and in Honickman v. BLOM Bank SAL, 6 F.4th 487 (2d Cir. 2021). In light of this new Second Circuit authority, I granted Defendants leave to file motions to dismiss Plaintiffs' Second Amended Complaint ("SAC"),[1] limiting briefing to the effect of Kaplan II and Honickman. (July 6, 2021 Order; Aug. 2, 2021 Order.)

This case is now before me on Defendants' motions[2] to dismiss the SAC in light of Kaplan II and Honickman. For the following reasons, the motions are DENIED.

---

[1] Plaintiffs filed the SAC on December 31, 2020. (ECF Docket Entry ("D.E.") # 189.) It adds an additional defendant, certain new allegations, and a few clarifications, but does not substantially alter the allegations in the Amended Complaint. The new motions to dismiss do not argue that the November 25, 2020 order does not apply to the Second Amended Complaint because of these amendments.

[2] Defendants submitted three motions—one solely on behalf of Defendant Bank of Beirut SAL, (D.E. # 224), one on behalf of Defendants Jammal Trust Bank SAL and Dr. Muhammad Baasiri, (D.E. # 246), and one on behalf of all Defendants excepting the JTB Defendants (the "Joint Defendants"), (D.E. # 223).

BACKGROUND

The summary of the complaint in my November 25, 2020 Memorandum and Order (the "Original M&O"), Bartlett, 2020 WL 7089448, at *1-3, is incorporated herein, and familiarity with the facts is presumed. Although certain factual allegations were added in the SAC, see supra note 1, those new allegations are not pertinent to my decision here.

STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint that "fail[s] to state a claim upon which relief can be granted." A complaint will be dismissed unless the plaintiff states a claim that is "plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)), by alleging sufficient facts for "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," id. A court must dismiss a claim if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." Id. at 679. Although courts will not credit "conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action," id. at 678, the court must accept as true all material allegations and draw all reasonable inferences in the plaintiff's favor, Johnson v. Priceline.com, Inc., 711 F.3d 271, 275 (2d Cir. 2013).

DISCUSSION

Per Defendants' requests and my July 6, 2021 and August 2, 2021 orders, this round of briefing was to focus solely on the impact of Kaplan II and Honickman on the reasoning in my Original M&O as applied to the SAC. For the most part, Defendants do not argue that the two cases changed the legal standards recited in the Original M&O so as to justify a different result. Instead, they repeat their arguments that the Second Amended Complaint does not plead facts sufficient to meet the elements of 18 U.S.C. § 2333(d)(2), an argument I expressly rejected in my

2

earlier order. In effect, they are seeking reconsideration of my earlier order. A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Because Defendants simply reiterate arguments already made and considered in their first motions and fail to show that Kaplan II and Honickman require reconsideration, they fail to satisfy this weighty standard.

As noted in the Original M&O, the proper framework for determining aiding-and-abetting liability under JASTA is set forth in the decision Halberstam v. Welch, 705 F.2d 472 (D.C. Cir. 1983). See 18 U.S.C. § 2333 Statutory Note (Findings and Purpose § 5). Halberstam identifies three elements of aiding-and-abetting liability: "(1) the party whom the defendant aids must perform a wrongful act that causes an injury; (2) the defendant must be generally aware of his role as part of an overall illegal or tortious activity at the time that he provides the assistance; [and] (3) the defendant must knowingly and substantially assist the principal violation." Halberstam, 705 F.2d at 477. Kaplan II and Honickman both discuss the Halberstam elements, but both alter the law in Plaintiffs' favor. Accordingly, they do not undermine the Original M&O's partial denial of Defendants' initial motions to dismiss.

## I. Kaplan II

In Kaplan II, the Second Circuit vacated the district court's dismissal of plaintiff's JASTA aiding-and-abetting claims. First, it rejected the district court's analysis of Halberstam's general awareness element. It found that the district court incorrectly set the legal standard for general awareness because it "said nothing to indicate that it recognized that the requirement that plaintiffs show the defendant's 'general awareness' is less demanding than a requirement that they show

3

awareness." 999 F.3d at 863. Unlike awareness, which "normally denotes full recognition of the existence or qualities of an object or circumstance," general awareness "imparts . . . a connotation of something less than full, or fully focused, recognition." Id. The Second Circuit also rejected the district court's conclusion that the defendant could not have been generally aware of its customers' terrorist affiliation simply because the customers had not been "designated by the United States—prior to the rocket attacks in [Jul]y and August 2006—as having an affiliation with Hizbollah." Kaplan v. Lebanese Canadian Bank, SAL, 405 F. Supp. 3d 525, 535 (S.D.N.Y. 2019) ("Kaplan I"), vacated in part and remanded, 999 F.3d 842; see Kaplan II, 999 F.3d at 864. The Second Circuit held that "it would defy common sense to hold that such knowledge" of the customers' affiliation "could be gained in no other way." Kaplan II, 999 F.3d at 864.

Second, Kaplan II overruled Kaplan I's knowing-and-substantial-assistance finding. Focusing on the district court's discussion of knowing assistance, the panel noted that Kaplan I had misconstrued Halberstam. Id. at 866. Rather than asking whether support was given with the intent to support the terrorist actor's agenda, the third Halberstam element asks only whether the support was knowing and substantial. See id. Second, the Second Circuit found that the district court had failed to take certain allegations in the complaint into account. See id. Third, the Second Circuit rejected the district court's holding that plaintiffs did not allege that Hizbollah received any of the money it processed because that "rationale is premised on the court's finding that the SAC did not sufficiently allege that LCB had known the Customers were affiliated with Hizbollah—a finding that [the Second Circuit] rejected" in the general awareness section. Id. The Second Circuit only briefly discussed substantiality, noting that "the SAC adequately pleaded that LCB knowingly gave the Customers assistance that both aided Hizbollah and was qualitatively and quantitatively substantial." Id. at 866.

4

In summary, Kaplan II found that the district court had stated overly demanding definitions of "general awareness" and "knowing" assistance.

## II. Honickman

In Honickman, the Second Circuit furthered its explanation of JASTA aiding-and-abetting liability. Honickman affirmed the dismissal of the aiding-and-abetting claim in Honickman ex rel. Estate of Goldstein v. BLOM Bank SAL, 432 F. Supp. 3d 253 (E.D.N.Y. 2020), aff'd sub nom. Honickman, 6 F.4th 487, but explained that the district court's decision misstated the law. First, even though it affirmed the district court's finding that plaintiffs had failed to allege general awareness based on the temporal disconnect between the general awareness allegations and the terrorist attacks, Honickman, 6 F.4th at 501, the Second Circuit made clear that the district court misstated the law regarding general awareness. The Honickman court explained that the district court's conclusion that foreseeability is not enough "contravenes both Halberstam and Linde [v. Arab Bank, PLC, 882 F.3d 314, 329 (2d Cir. 2018)]." Honickman, 6 F.4th at 497. Instead, it held that "[f]oreseeability is . . . central to the Halberstam framework, and as a result, to JASTA aiding-and-abetting liability." Id. at 496-97.

Second, Honickman considered Halberstam's substantial assistance prong. The Second Circuit analyzed substantiality through the six Halberstam factors. Id. at 500. In discussing Honickman ex rel. Estate of Goldstein's application of those factors, the Second Circuit held that the district court had incorrectly analyzed the first, second, and fourth factors. First, it explained that the first factor requires determining "whether the alleged aid . . . would be important to the nature of the injury-causing act." Id. Second, it explained that the "amount of assistance" factor does not involve a question of how much assistance actually went to the foreign terrorist organization ("FTO") but should instead "focus on the amount and type of aid the defendant

5

provided." Id. Third, it explained that "a direct relationship between the defendant and the FTO is not required to satisfy" the fourth factor. Id. at 501. After ruling that plaintiffs had failed to allege general awareness, however, the Second Circuit found no occasion to apply these factors to the facts of the case. Id. at 503 ("Nor do we need to address whether the complaint satisfies the substantial assistance element.").

In summary, although it affirmed the district court's dismissal of an aiding-and-abetting claim, Honickman did so while questioning the district court's rationale, finding that the district court's general awareness element erroneously required more than foreseeability. Although not reaching the ultimate issue of whether the plaintiffs pled substantial assistance, the Honickman court did provide new guidance on the application of the six Halberstam factors. This guidance, if anything, lessened the burden to make the substantiality showing.

### III.  Application

The Original M&O discussed the district court cases on appeal in Kaplan II and Honickman. In discussing general awareness, I quoted the district court's statement of law in Honickman ex rel. Estate of Goldstein. Bartlett, 2020 WL 7089448, at *9. Even while adopting in part Honickman ex rel. Estate of Goldstein's statement of law, however, I distinguished its facts, noting that, there, the banks' customers had not been designated as Specially Designated Global Terrorists until after the attacks at issue. Id. I also rejected Defendants' "doctrinal argument," quoted from Honickman ex rel. Estate of Goldstein, that finding general awareness here "would, in effect, replace the scienter for aiding-and-abetting liability with the lower scienter required for material support." Id. at *11 (quoting D.E. # 140 at 14-15)). My general-awareness analysis also discussed Kaplan I, distinguishing that case because "[i]n Kaplan unlike here, the sources describing the alleged affiliations between customers and Hezbollah were 'dated after . . . the

6

rocket attacks at issue.'" Id. at *10 (alteration in original) (quoting Kaplan I, 405 F. Supp. 3d at 535).

I also discussed Kaplan I and Honickman ex rel. Estate of Goldstein in my discussion of knowing and substantial assistance. On knowledge, I distinguished Kaplan I, noting that it "involved bank customers whose designation as terrorists came only after the attacks at issue." Id. at *15. On substantiality, I cited and analyzed the same six factors cited in Kaplan I, Honickman ex rel. Estate of Goldstein, Kaplan II, and Honickman. Id. at *12-14. And where Joint Defendants cited Honickman ex rel. Estate of Goldstein for the proposition that "providing 'routine banking services' can[not] constitute substantial assistance," I acknowledged the case but held that although "Defendants' argument has some superficial appeal, . . . it is ultimately unavailing" based on Halberstam and prior Second Circuit precedent. Id. at *13 (quoting D.E. # 139-1 at 43).

Even considering my reliance on those cases, however, I found that Plaintiffs alleged aiding-and-abetting liability. Because Kaplan II and Honickman if anything lowered the bar to state a JASTA aiding-and-abetting claim, they only bolster my conclusion that dismissal is unwarranted. And nothing in the Second Circuit cases undermines my rationale for distinguishing the facts of the district court cases. My analysis of substantiality in the Original M&O also accorded with Honickman's guidance on the six Halberstam factors. In my discussion of the first factor in the Original M&O, I focused on the ultimate tortious act and its relation to the assistance Defendants provided, ultimately finding the type of assistance "certainly 'integral' to the Attacks that were ultimately committed." Bartlett, 2020 WL 7089448, at *12. On the second factor, I focused on the fact that "the services provided to the alleged Bank Customers enabled access to millions of dollars." Id. at *13. And I did not find that the fourth factor weighed in favor of substantiality. Id. at *14. Because these analyses accord with Honickman's guidance, Honickman

7

does not undermine the Original M&O's analysis.  Because neither Kaplan II nor Honickman changes the law in a way that undermines my conclusion in the Original M&O, I reject Defendants' argument that Plaintiffs have failed to plead knowing and substantial assistance.

## CONCLUSION

For the foregoing reasons, Defendants' motions are DENIED.

SO ORDERED.

Dated: June 15, 2022
      Brooklyn, New York                /s/ Carol Bagley Amon
                                            Carol Bagley Amon
                                            United States District Judge