UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVERBACH et al.,

                           Plaintiffs,

           -against-

CAIRO AMMAN BANK,

                           Defendant.

**OPINION AND ORDER**
**19-CV-0004 (GHW) (KHP)**

**KATHARINE H. PARKER, United States Magistrate Judge.**

     Plaintiffs bring this action seeking damages against Defendant Cairo Amman Bank ("CAB") for its alleged aid to members of *Harakat al-Muqawama al-Islamiya* ("Hamas") in carrying out terrorist attacks in Israel. Plaintiffs are victims and family members of victims of various terrorist attacks that occurred between 2000 and 2004 on Israeli civilian centers, military installations, and buses. The claims are all brought under the Anti-Terrorism Act ("ATA"), as amended by the Justice Against Sponsors of Terrorism Act ("JASTA"). The Second Amended Complaint ("SAC") identifies a number of entities and persons allegedly affiliated with Hamas' terrorist activities that transacted banking business with or through CAB. (ECF No. 96.) Plaintiffs assert that CAB was aware that its customers were affiliated with Hamas' terrorist activities and that by providing banking services it knowingly provided assistance to them in carrying out terrorist acts like the ones that injured Plaintiffs or their family members.[1]

---

[1] The Court assumes familiarity with the facts alleged in the SAC and does not repeat them or the names of the CAB customers asserted therein. Many are included in the Court's Report and Recommendation on CAB's motion to dismiss. *Averbach v. Cairo Amman Bank*, 2022 WL 2530797 (S.D.N.Y. Apr. 11, 2022).

1

The parties are conducting jurisdictional discovery. Plaintiffs issued a subpoena pursuant to Federal Rule of Civil Procedure 45 to Arab Bank of New York ("Arab Bank") seeking documents reflecting banking transactions that involved the transfer of money between Arab Bank customers and CAB customers. Plaintiffs' subpoena identified 85 different entities and persons that each have between two and twenty-two spelling variations to be searched for within Arab Bank's system. The 85 names are not only those persons and entities named in the SAC but include additional persons and entities that Plaintiffs say are affiliated with Hamas. The subpoena seeks transactional records that are or were located in the United states relating to any of the identified persons and entities.

Arab Bank objects to the subpoena on grounds of proportionality. It does not object to searching for the names of the persons and entities named in the SAC but contends that the inclusion of additional names with all of their various spellings seeks irrelevant information that is not proportional to the needs of the case. It further represents that it already produced extensive discovery to Plaintiffs in two other cases pending in the Eastern District of New York (the "*Linde*" and "*Miller*" cases).[2] In *Linde*, Arab Bank searched for 15,545 individuals and entities that were allegedly affiliated with Hamas and produced all documents in its possession reflecting transactions involving any of those individuals and entities. In *Miller*, Arab Bank searched for 136 new names (not previously searched in *Linde*) and produced transactions involving these new entities and persons. CAB appeared in only thirty-two transactions of the 15,681 different searches. (*See* ECF No. 160.) Additionally, because CAB did not maintain a

---

[2] *Linde v. Arab Bank, PLC*, No. 04-cv-2799 and *Miller v. Arab Bank, PLC*, No. 18-cv-2192. Those cases involve some of the same Plaintiffs as this case and also seek damages for aiding and abetting terrorism.

correspondent account at Arab Bank in New York or a "nested" correspondent account at Arab Bank in Ramallah for processing U.S. dollar denominated transfers, Arab Bank contends it is highly unlikely the search requested will yield many, if any, "hits." Unfortunately, Arab Bank's records are in a computer system that is decades old and clunky to use. It cannot search for "Cairo Amman Bank" – it can only search for payor and payees, not the bank associated with them. (*Id.*) Thus, it is unknown whether the searches requested would reflect any transactions through CAB. It argues that Plaintiffs are searching for a needle in a haystack based on the prior results from extensive searches and that Plaintiffs request is based on speculation. Indeed, Plaintiffs do not contest that they do not know whether any of the persons or entities named transacted business through Arab Bank where CAB also was involved. And, for a good number of the names in the subpoena, Plaintiffs don't know whether the entities or persons ever transacted any business through CAB.

Plaintiffs now move to compel compliance with the subpoena, having been unable to resolve the objections after a meet and confer with Arab Bank's counsel. (ECF No. 150.)

"Motions to compel and motions to quash a subpoena are both entrusted to the sound discretion of the district court." *In re Fitch, Inc.*, 330 F.3d 104, 108 (2d Cir. 2003) (internal quotation marks and citation omitted).

Federal Rule of Civil Procedure 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). This includes discovery from non-parties. *See In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011).

It is the burden of the party seeking the documents to demonstrate that the documents are relevant and within the bounds of discovery permitted by Rule 26(b). *See Republic of Argentina v. NML Capital, Ltd.*, 573 U.S. 134, 144-45 (2014); *Night Hawk Ltd. v. Briarpatch Ltd., LP*, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); *see also* Fed. R. Civ. P. 26(g)(1)(B)(iii) (proponent of discovery must certify that discovery sought is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action."). If the recipient of the subpoena objects to producing the information requested in whole or in part, it has the burden to demonstrate that the subpoena is unduly burdensome or provide other reasons why it should not be required to produce the documents requested. *See Jones v. Hirschfeld,* 219 F.R.D. 71, 74-75 (S.D.N.Y. 2003).

In this case, Plaintiffs have not demonstrated the relevance of searching for names of persons and entities not listed in the SAC. The SAC identifies specific persons and entities that had accounts with CAB and transacted business through CAB. These identified persons and entities are the basis for Plaintiffs' claim of jurisdiction and liability. While it is true that Plaintiffs do not know whether Arab Bank was involved in transactions involving these persons and entities, at least these persons and entities are tethered to the allegations in this action. The same is not true with the other names in the subpoena where Plaintiffs have no knowledge whether there is any relationship to CAB or Arab Bank. It is not proportional to the needs of this case to require non-party Arab Bank to search for names of persons and entities who have no known affiliation with CAB or Arab Bank. This is a classic fishing expedition. Arab Bank's proposal to narrow the search to those entities and persons named in the SAC is reasonable.

For the above reasons, the motion to compel is denied except to the extent the subpoena requests that Arab Bank search for the persons and entities specifically named in the SAC and reasonable spelling variations of those names and produce transactional records involving those persons and entities.  Arab Bank shall have until **Monday, January 16, 2023** to conduct the search and produce the records.

**The Clerk of the Court is respectfully requested to terminate the motion at ECF No. 150**.

**SO ORDERED.**

Dated: December 16, 2022
New York, New York

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge