# **EXHIBIT B**



**DLA Piper LLP (US)**
1251 Avenue of the Americas
27th Floor
New York, New York 10020-1104
www.dlapiper.com

Judge Andrew Peck (ret.)
andrew.peck@us.dlapiper.com
T   212.335.4631
F   212.884.8622

October 10, 2022

**Via Email**
Dina Gielchinsky, Esq.
OSEN, LLC
190 Moore Street
Suite 272
Hackensack, New Jersey 07601

      Re:    *Averbach et. al. v. Cairo Amman Bank,* 19-cv-0004-GHW-KHP

Dear Dina**:**

I write in response to your October 7, 2022 letter to Jonathan Siegfried.

As you are aware, Plaintiffs bear the burden of establishing that the Court has jurisdiction over our client, Cairo Amman Bank ("**CAB**").  Where, as here, jurisdictional discovery has been ordered by the Court, Plaintiffs must submit evidence in admissible form sufficient to establish jurisdiction in order to meet their burden.  Magistrate Judge Parker has set November 4, 2022 as the cut-off date for jurisdictional discovery.

To date, the only information Plaintiffs have provided in response to CAB's discovery requests for evidence supporting Plaintiffs' claim of the Court's jurisdiction are documents you obtained through third-party subpoenas to various banks or from litigations to which CAB was not a party purportedly involving the use by CAB of a correspondent account in New York.  Over the past several weeks, we have requested that, in addition to any documentary evidence Plaintiffs may rely on, you identify any witnesses, fact or expert, whose testimony Plaintiffs might submit to establish jurisdiction so that we may notice their depositions.  Rather than provide us with those names (and, in the case of an expert, an expert report), your letter states you reserve the right to advance additional evidence after you see our motion on lack of jurisdiction.  That of course is backwards.  We are entitled to know what evidence Plaintiffs have to support their claim of jurisdiction before we make our motion, not the other way round.  If Plaintiffs intend to meet their burden of establishing jurisdiction through the documents you have produced to us during jurisdictional discovery, that is one thing.  But if, as you state in your letter, Plaintiffs are reserving the right to assert additional witness testimony that their claims arise out of, or relate to, any transfers that you identify as passing through New York, then we are entitled to the names of those potential witnesses now so that they may be deposed in advance of CAB's motion and prior to the close of jurisdictional discovery.



Dina Gielchinsky, Esq.
October 10, 2022
Page Two

To the extent you claim Plaintiffs do not know what we will argue in our motion, we briefly summarize it for you here, notwithstanding that we have no obligation to do so. While the Court was obliged to accept as true facts alleged in the Second Amended Complaint in ruling on the motion to dismiss prior to jurisdictional discovery, it is not required to do so following such discovery. CAB intends to argue that Plaintiffs have not provided evidence sufficient under the Due Process Clause to support their jurisdictional contention that the claims in this action arise out of or relate to any transfers processed through its correspondent accounts in New York. Transfers involving routine banking transactions and for humanitarian services, for example, do not give rise to claims under JASTA. Nor does the evidence adduced during jurisdictional discovery support specific factual allegations in the complaint that were previously accepted as true by the Court and upon which it relied in its prior ruling on jurisdiction (for example, that CAB transferred funds to Abbas al-Sayad through its correspondent account at Citibank in New York).

Finally, we note that contrary to the invitation in your letter this past Friday that we discuss a proposed 30(b)(6) deposition of CAB "in advance of serving a deposition notice," Plaintiffs instead served the notice on Sunday evening without any discussion. In any event, based upon our preliminary review of that notice, we question both the need for and scope of the proposed deposition but are prepared to discuss both. Please let us know your availability to do so.

Best regards,

Judge Andrew Peck (ret.)

cc: All counsel (*via* email)