

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

March 29, 2023

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Averbach et al. v. Cairo Amman Bank*, 19-cv-00004-GHW-KHP

            **Letter Motion for Permission to File Brief Sur-Reply to Defendant Cairo Amman Bank's ("CAB") Reply Brief (ECF No. 201)**

Dear Magistrate Judge Parker:

    We write on Plaintiffs' behalf to request permission to file a sur-reply to Cairo Amman Bank's Reply Brief in support of its motion for reconsideration, ECF No. 201, which it has styled as a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rules of Civil Procedure 12(b)(2) or, in the alternative, Rule 56. The proposed sur-reply brief would not exceed five (5) pages.

    Plaintiffs make the request solely to address arguments CAB first raised in its reply brief. Specifically, after arguing in its opening brief that "due process" requires showing that transactions on their face establish CAB's knowledge of the transaction's purpose, it now argues <u>for the first time on reply</u>—and contrary to controlling Second Circuit law—that Plaintiffs must provide evidence that CAB "substantially assist[ed] the principal act of international terrorism." Reply Br. at 6 (quoting *Wildman v. Deutsche Bank Aktiengesellschaft*, a decision unmentioned in CAB's opening brief). This is a merits argument of course, and Your Honor already rejected it: "The 'principal violation' – that is, the Attacks that injured Plaintiffs—must be foreseeable from the illegal activity that the defendant assisted. However, knowing and substantial assistance to the actual injury-causing act – here, the Attacks that injured Plaintiffs – is unnecessary." *Averbach v. Cairo Amman Bank*, No. 19-CV-0004-GHW-KHP, 2022 WL 2530797, at *14 (S.D.N.Y. Apr. 11, 2022).

    To support its argument, CAB asserts—also for the first time—that personal jurisdiction in *Licci* was predicated on just that type of evidence, namely a sworn declaration filed in that case:

>	The *Licci* plaintiffs did exactly what Plaintiffs failed to do here: They introduced evidence in opposition to LCB's initial, pre-discovery 12(b)(2) motion that the correspondent bank transfers were *in fact* used to fund Hezbollah terrorist activity, *including the rocket attacks at issue in that case*, to factually support that complaint's allegations. *Licci v. Am. Express Bank Ltd.*, 1:08-cv-07253, ECF 23 (First Amended Complaint ¶¶ 115, 116); *id.* ECF. 43 (declaration in opposition to motion to dismiss). Such a showing that the correspondent account was used "to achieve the very wrong alleged" is utterly absent from Plaintiffs' opposition.

Reply Br. at 6. And thus, CAB argues, if "there were admissible evidence that a bank had been informed in a contemporaneous meeting outside the forum that the correspondent bank transfers at issue were for a terrorist purpose, then such admissible evidence would suffice to create a genuine dispute of material fact as to the purpose of the transfers, even if those transfers were explicitly earmarked for a humanitarian purpose." *Id.* at 3.

>	CAB's new argument is wrong—the referenced declaration went entirely unmentioned in the *Licci* district court opinion and the 2013 Second Circuit decision, and was not relied upon in the 2012 Second Circuit and N.Y. Court of Appeals decisions, which only mention it cursorily. CAB also omits its counsel's statements about that same declaration when it was filed in *Licci*.

>	Plaintiffs would address these newly raised issues in their sur-reply brief and respectfully request that, in light of the upcoming Passover and Easter holidays, they be permitted to submit that brief on April 18, 2023.

>	>	>	Respectfully submitted,

>	>	>	/s/ Michael Radine

cc:	All Counsel