UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVERBACH et al.,

                                        Plaintiffs,

                    -against-

CAIRO AMMAN BANK,

                                        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/23/2023

**OPINION AND ORDER ON
MOTIONS TO SEAL**

**19-CV-0004-GHW-KHP**

**KATHARINE H. PARKER, United States Magistrate Judge:**

         This action concerns claims against Cairo Amman Bank ("CAB") pursuant to the Justice

Against Sponsors of Terrorism Act ("JASTA") for CAB's alleged role in aiding and abetting

terrorist attacks perpetrated by *Harakat al-Muqawama al-Islamiya* ("Hamas") between 2000

and 2004.  Plaintiffs allege that CAB aided and abetted Hamas by providing banking services to

Hamas-affiliated customers in the years immediately preceding and during the attacks.

Following jurisdictional discovery, CAB filed a Motion to Dismiss ("MTD") for lack of personal

jurisdiction.  At issue in the MTD is the jurisdictional significance of 114 wire transfers made

through CAB's correspondent banks in New York for CAB's customers during the relevant time

period.  A Report and Recommendation on the MTD will issue separately from this Order.

         The parties have moved to seal documents submitted in connection with the MTD.  (ECF

Nos. 184, 193.)  CAB moved to seal portions of its moving brief in support of the MTD and

certain accompanying exhibits, and Plaintiffs moved to seal portions of its opposition brief and

an accompanying exhibit, as well as portions of the Declaration of Michael Radine (ECF 196)

describing the exhibit.  Those motions are now before the Court.  For the reasons stated below,

the motions to seal are granted in part and denied in part.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," *Mirlis v. Greer*, 952 F.3d 51, 58 (2d Cir. 2020) (citation omitted), and is "integral to our system of government," *United States v. Erie Cty., N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89-90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to

2

materials filed in connection with dispositive motions, such as a motion to dismiss or a

summary judgment motion." *Id*.  The weight accorded to the presumptive right to public access

is lower if the document is submitted in connection with a discovery dispute or other non-

dispositive motion.  *Brown*, 929 F.3d at 49-50.

Third, once the Court has determined the weight to accord the presumption of public

access, it must determine whether competing considerations outweigh the presumption.

*Lugosch*, 435 F.3d at 120.  Regardless of the weight that must be accorded to the presumption,

the court must make "specific, on the record findings" that sealing is necessary "to preserve

higher values," and "is narrowly tailored to serve that interest."  *Id*.  The court may deny public

disclosure of the record only "if the factors counseling against public access outweigh the

presumption of access afforded to that record."  *Olson*, 29 F.4th at 88.

"Higher values" the preservation of which might warrant sealing include personal

privacy interests, public safety, the preservation of attorney-client privilege, and the protection

of competitively sensitive business information.  *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168

(S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511

(S.D.N.Y. 2015).  A sealing request is "narrowly tailored" when it seeks to seal *only* that

information that must be sealed to preserve higher values.  *Susquehanna Int'l Grp. Ltd.*

*v. Hibernia Express (Ir.) Ltd.*, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the documents in question are "judicial documents" in which the

presumption of public access attaches.  *City of Almaty, Kazakhstan v. Ablyazov*, 2019 WL

4747654, at *5 (S.D.N.Y. Sept. 30, 2019) ("Documents submitted in support or opposition to a

motion to dismiss are judicial documents.")  CAB argues that there is in fact a "presumption *against* public access" here because the documents in question were produced pursuant to a protective order.  (ECF No. 185 at 4 (*quoting Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, 2014 WL 1407667, at *2 (Apr. 11, 2014)).  This is plainly incorrect; as is made clear in the case cited by CAB, the presumption *against* public access only applies to documents that are not judicial documents.  *Fed. Hous. Fin. Agency*, 2014 WL 1407667, at *2.  As the documents in question are judicial documents, there is no presumption against public access regardless of the fact that the information in question was obtained pursuant to a protective order.  *See Susquehanna Int'l Grp. Ltd.*, 2021 WL 3540221, at *3 ("bargained-for confidentiality" is not a "higher value" that can overcome the presumption of access to judicial documents).  The fact that material was designated by the parties as confidential or was produced pursuant to a protective order has no bearing on the presumption of public access once the material becomes a judicial document.

Turning to the weight of the presumption, these documents are submitted in connection with a dispositive motion, and thus the weight accorded to the presumption of public access is especially strong.  *Olson*, 29 F.4th at 89-90.  CAB argues that the presumption here is "low" because the information the parties seek to seal "relates to information and documents exchanged between the parties in discovery."  (ECF No. 185 at 3.)  However, whether information relates to documents exchanged in discovery has no bearing on the weight according to the presumption once that information is filed with the court.  Rather, the weight of the presumption is determined based on the "role of the material at issue."  *Brown*, 929 F.3d at 49.  When documents exchanged during discovery are filed with the court, they

4

become "judicial" and a presumption of public access attaches.  Where, as here, documents are exchanged between the parties during discovery and are filed with the Court in connection with a dispositive motion, the presumption that attaches is especially strong, because the information has become "relevant to the performance of the judicial function." *Id.*

Similarly, the fact that the information was designated by the parties as confidential under a protective order or was produced pursuant to a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access.  *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.").[1]

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

The information that the parties seek to seal pertains to (1) names of individuals and entities that sent and received the wire transfers that are at issue in the MTD; (2) the dollar amounts of those transfers; (3) transactional records relating to those transfers; and (4) account statements from certain of CAB's customers.  The information mostly spans the time period from approximately 1998 until 2004.  The parties argue that this information is

---

[1] To the extent the parties' motions can be read to assert a detrimental reliance on the Protective Order in filing confidential documents with the court in connection with the MTD, such reliance is "unreasonable" in light of the *Lugosch* (a 17-year old case) and its progeny.  *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 376 (S.D.N.Y. 2007).

personally sensitive and confidential banking information that was produced subject to

protective orders in this case and other cases, and accordingly sealing is warranted.

Courts have recognized a privacy interest in certain banking information, particularly

where such information may reveal sensitive personal financial information that could be

misused if publicly released or that may cause a personal safety issue or embarrassment to the

customer.  *See, e.g.*, *Prescient Acquisition Grp., Inc.*, 487 F. Supp. 2d at 377 (recognizing that the

disclosure of bank account numbers and social security numbers "could raise a personal safety

issue" and permitting two bank checks to be filed under seal since "[t]his information could be

used to work a financial fraud" on the customer); *Rojas*, 2022 WL 773309, at *2 (permitting

individuals' E-ZPass account numbers, security questions, and account PIN numbers to be

redacted); *Ramirez v. Temin & Co., Inc.*, 2020 WL 6781222, at *5-6 (S.D.N.Y. Nov. 18, 2020)

(noting that courts have sealed financial information that reveals "family affairs, illnesses, and

embarrassing conduct.")

However, not all banking information implicates a privacy interest, and courts

frequently deny motions to seal financial information that does not reveal highly sensitive or

personal details.  *See, e.g. Ramirez*, 2020 WL 6781222, at *5-6 (denying motion to seal banking

information that did not include personal contact information or private account information);

*Matter of Upper Brook Companies*, 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) (denying

motion to seal "non-public financial information" gathered during a forensic review but

permitting redaction of account numbers); *In re Hornbeam Corp.*, 2022 WL 60313, at *3

(S.D.N.Y. Jan. 6, 2022) (denying motion to seal "attorney-prepared summaries of wire transfer

records produced in discovery").  This is especially true when the information "date[s] back

several years" such that any privacy interest in that information is "stale." *Upper Brook Companies*, 2023 WL 172003, at *6; *see also Valassis Commc'ns, Inc. v. News Corp.*, 2020 WL 2190708, at *3 (S.D.N.Y. May 5, 2020) (denying motion to seal financial metrics that were over five years old).

Here, the parties have not proffered any meaningful harm that would result from the public disclosure of the decades-old financial information they seek to file under seal. Conclusory assertions that this information is sensitive and non-public is insufficient to overcome the strong presumption of the public's right to access this information. Moreover, it is unclear what privacy interest could exist in the information the parties seek to seal. The names of the individuals and entities that initiated and received the transfers are not secret, and these names appear in the parties' public filings. Similarly, the dollar amount of the transfers does not constitute sensitive information or reveal embarrassing or personal details about the customers. *See Ramirez*, 2020 WL 6781222, at *5-6 (denying motion to seal banking information that did not include private account information); *In re Hornbeam Corp.*, 2022 WL 60313, at *3 (denying motion to seal attorney summaries of wire transfer records).

Moreover, the transfers and transactional records in question date back approximately 20 years, and the parties have not demonstrated why any privacy interest in this information is not stale now. *See Upper Brook Companies*, 2023 WL 172003, at *6. Indeed, much of the information concerns customers that no longer exist and bank accounts that CAB asserts have long been closed. The parties offer no compelling rationale for how the disclosure of 20-year old financial information of closed entities or accounts is harmful. *See Valassis Commc'ns, Inc.*, 2020 WL 2190708, at *3 (denying motion to seal financial metrics of a closed business unit).

Similarly, the portions of the Declaration of Michael Radine that Plaintiffs seek to seal amount to nothing more than an attorney summary of financial records.  Sealing this information would not protect any higher values.  *See In re Hornbeam Corp.*, 2022 WL 60313, at *3 (denying motion to seal "attorney-prepared summaries of wire transfer records").

Additionally, the fact that the information the parties seek to seal was produced pursuant to confidentiality agreements does not overcome the strong weight of the presumption.  *Dodona I, LLC*, 119 F. Supp. 3d at 155.

That said, the Court recognizes that certain limited information in the parties' voluminous exhibits may reveal "sensitive personal financial information" that could be misused if publicly released; specifically, any bank account numbers, routing numbers, and electronic identifying numbers for bank accounts that remain open.  *See Prescient Acquisition Grp., Inc.*, 487 F. Supp. 2d at 377 (recognizing that the disclosure of bank account numbers and social security numbers "could raise a personal safety issue").  Accordingly, to the extent the parties' exhibits contain account numbers, routing numbers, and electronic identifying numbers for accounts that are still open, the parties may redact this information.

Finally, Plaintiffs' memorandum of law in support of its motion to seal (ECF No. 194) appears to have been inadvertently filed under seal.  The memorandum of law is a judicial document that does appear to include any confidential information and should be unsealed.

## CONCLUSION

The parties' motions to seal are granted in part and denied in part.  Specifically, the motions are DENIED except to the extent the exhibits contain account numbers, routing numbers, and electronic identifying numbers for accounts that are still active/open, which may

be redacted.  **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 184 and 193, and to <u>unseal</u> the following documents:**

- The document at **ECF No. 187** (CAB's MTD moving brief), ***but*** the exhibits at ECF No. 187-1 through 187-61 should remain under seal pending CAB's public filing of these exhibits with limited redactions in accordance with this decision.

- The document at **ECF No. 194** (Plaintiffs' memorandum of law in support of the motion to seal).

- The document at **ECF No. 195** (Plaintiff's brief in opposition to the MTD).

- The document at **ECF No. 196** (Declaration of Michael Radine), ***but*** the exhibit at ECF No. 196-1 may remain under seal pending Plaintiffs' public filing of this exhibit with limited redactions in accordance with this decision.

By **Monday, July 17, 2023**, the parties shall publicly file their exhibits with limited redactions of *only* account numbers, routing numbers, and electronic identifying numbers for accounts that are still active, or similar identifying information that could pose a real safety issue to CAB's customers.  The filings shall be clearly labeled on ECF as public filings of the MTD exhibits and should electronically reference the sealed version of the documents on ECF.  If the parties do not publicly file the documents with narrow redactions in accordance with this opinion by July 17, 2023, the Court will direct that the documents be unsealed.

**SO ORDERED.**

Dated: June 23, 2023
New York, New York

_Katharine H. Parker_
KATHARINE H. PARKER
United States Magistrate Judge