

190 M[...]  601
[...] 303
[...] 018
[...] 111
[...] om

July 14, 2023

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
DOC #:_____
DATE FILED: 7/18/2023

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> The Court has considered the parties' respective positions and finds that it is appropriate to commence fact discovery. The fact discovery deadline is **Tuesday, April 30, 2024**. A case management conference will be held on **Thursday, October 12, 2023 at 10:00 a.m.** in Courtroom 17-D, U.S. Courthouse, 500 Pearl Street, New York NY.
>
> SO ORDERED:
> *Katharine H. Parker*
> HON. KATHARINE H. PARKER
> UNITED STATES MAGISTRATE JUDGE   7/18/2023

Re:   *Averbach, et al. v. Cairo Amman Bank*, No. 1:19-CV-00004-GHW-KHP
      **Request for Case Management Conference**

Dear Magistrate Judge Parker:

We write on Plaintiffs' behalf to request a Case Management Conference so that the parties may commence merits discovery in the above-referenced case. Defendant opposes our request and maintains that no merits discovery should proceed until the District Court rules on the bank's Rule 72 Objections to Your Honor's: (1) April 11, 2022, Report and Recommendation that Defendant's motion to dismiss the Second Amended Complaint ("SAC") should be denied as to Plaintiffs' aiding-and-abetting claims under JASTA, ECF No. 114, and (2) June 30, 2023, Report and Recommendation that Defendant's motion to dismiss the SAC for lack of personal jurisdiction should be denied, ECF No. 209 (jointly, the "R&Rs").

Plaintiffs believe that discovery should not be further delayed, particularly since merits discovery has been stayed for over four years, ECF No. 34. *See In re Towers Fin. Corp. Noteholders Litig.*, No. 93-cv-0810 (WK)(AJP), 1996 WL 622386, at *2 (S.D.N.Y. Jan. 29, 1996) (noting that after a stay of almost two years, "additional delay would be unfair to plaintiffs"). A stay is no longer necessary where Your Honor has now twice recommended denying Defendant's motions to dismiss, and jurisdictional discovery is completed. *See id.* at *3 (finding that stay was not warranted despite district court's pending review of R&R where dismissal was not "at least a probability or likelihood"). As Your Honor observed in recommending denial of CAB's post-jurisdictional discovery motion to dismiss: "As discussed at length in this R&R, it is now clear that merits discovery is needed in order to address the key issues CAB has raised here." June 30, 2023, R&R at 25 n.9.

This is particularly true in this case, where there appears to be little burden on Defendant. It has represented to Plaintiffs that:

(1) "There are no branch managers from the period 2001-2003 ([6/14/22 Hr'g Tr.]

  at 24) who are still with the Bank, nor any employees who had personal knowledge of accounts maintained at the Bank during that time period. They are all retired, resigned or deceased, to the best of the Bank's knowledge. (*Id.* at 36-37)."

(2) "The Bank has no transaction records for any customer accounts for the period 2001 to 2003. Pursuant to its document retention policy, such records are maintained only for a period of 10 years. (*Id.* at 36)."

July 29, 2022, Letter from Defendant's Counsel to Plaintiffs' Counsel at 1.[1]

  Accordingly, Plaintiffs believe that merits discovery, including expert discovery, can be completed within the next 12-15 months. We therefore request that the Court schedule a Case Management Conference at its earliest convenience and direct the parties to meet and confer and submit either a joint Proposed Case Management Plan or competing plans one week prior to the Conference.

Respectfully submitted,

/s/ Michael Radine

cc: All Counsel (via ECF)

---

[1] Defendant has since amended this representation, given its production of account records for three Holy Land Foundation accounts.