
190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

1441 Broadway, New York, New York 10018
T: 212 354 0111
www.osenlaw.com

October 10, 2023

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

> Re:   *Averbach, et al. v. Cairo Amman Bank*, No. 1:19-CV-00004-GHW-KHP
>       Proposed Discovery Schedule and Report on Rule 26(f) Meeting

Dear Magistrate Judge Parker:

We write in advance of the Case Management Conference scheduled for October 12, 2023, to summarize the parties' Rule 26(f) meeting and Plaintiffs' proposed discovery schedule, which CAB has rejected without offering an alternative proposal.

Before the parties' July 31, 2023, Rule 26(f) meet and confer, Plaintiffs circulated a draft discovery schedule to CAB on July 26, 2023, proposing the following dates (the penultimate of which was April 30, 2024, this Court's deadline for fact discovery):

| | |
|---|---|
| August 1, 2023 | Parties exchange initial Requests for Production ("RFPs") |
| August 15, 2023 | Parties exchange updated Rule 26 disclosures |
| September 8, 2023 | Parties exchange responses and objections to initial RFPs |
| September 29, 2023 | Parties provide status update to Court (including parties' proposed case management plan) |
| October 23, 2023 | Parties identify all fact witnesses and topics of testimony they intend to offer at trial (subject to CAB's position on scope of the case and stipulations) |
| March 1, 2024 | Fact depositions completed |
| March 4, 2024 | Parties identify all expert witnesses and topics of testimony |
| March 15, 2024 (or 30 days prior to any extended deadline for fact discovery) | Parties exchange interrogatories |
| March 29, 2024 | Parties meet and confer on expert discovery issues |
| April 15, 2024 | Parties exchange responses and objections to interrogatories |
| April 30, 2024 | Close of fact discovery |
| August 30, 2024 | Close of expert discovery |

Plaintiffs also requested CAB's position on discovery parameters, including whether CAB (i) wanted to proceed with a trial of all attacks and all plaintiffs as opposed to a trial with bellwether attacks/plaintiffs or bifurcation of liability and damages; (ii) would stipulate to various facts, including that the attacks were acts of international terrorism, the attacks were committed by Hamas, or that certain CAB customers and counterparties were in fact Hamas entities or individuals; and (iii) would seek to re-depose Plaintiffs already deposed by CAB's counsel regarding the same attacks in *Linde v. Arab Bank, PLC*, No. 04-cv-2799 (E.D.N.Y.). In addition, Plaintiffs asked CAB the number of interrogatories CAB proposed the parties could propound. *See* **Exhibit A**.

In its August 4, 2023, e-mail following the parties' meet and confer, CAB responded that it would not (i) agree to a bellwether or bifurcated trial, (ii) stipulate, absent any offers of proof to support the allegations in the Second Amended Complaint, to facts except that the implicated attacks qualify as acts of international terrorism; or (iii) rely on their counsel's previous depositions of the Plaintiffs before reviewing those Plaintiffs' responses to its RFP and interrogatories. CAB further stated that the maximum number of interrogatories should be the default under Fed. R. Civ. P. 33(a).

CAB proposed three modifications to Plaintiffs' proposed discovery schedule: (i) parties exchange initial RFPs by August 31, 2023 (instead of August 1, 2023); (ii) parties exchange responses and objections to initial RFPs by October 15, 2023 (instead of September 8, 2023); and (iii) parties exchange updated Rule 26 disclosures by "September 15, 2024" (*sic*, presumably 2023) (instead of August 15, 2023). *See* **Exhibit B**.

CAB did not agree to or propose alternative dates for the rest of the discovery schedule, asserting that it had "reason to believe … the individual Plaintiffs will most likely not be able to produce the documents requested of them by April 30, 2024 much less months earlier so that their depositions could be completed by the March 1, 2024 date set forth in your proposed schedule." *Id.* CAB recommended, as it did during the meet and confer, that the parties "propose to Judge Parker a more realistic timeframe for completion of fact discovery." *Id.* CAB repeated its position in an e-mail dated August 12, 2023. *See* **Exhibit C**.

Plaintiffs responded to CAB's August 4, 2023, e-mail on August 7, 2023, informing CAB that they planned to adhere to this Court's April 30, 2024, deadline for fact discovery, agreed to CAB's alternative date for exchanging updated Rule 26 disclosures, and served their initial RFP (in advance of CAB's proposed August 31, 2023, deadline). *See* **Exhibit D**. CAB did not serve its initial RFP by its own proposed August 31, 2023, deadline, nor did it respond to Plaintiffs' RFP by September 6, 2023 (30 days after Plaintiffs' August 7, 2023, service of their RFP), and Plaintiffs wrote to CAB notifying it of the missed deadline on September 11, 2023. *See* **Exhibit E**. CAB responded that Plaintiffs' responses were "similarly overdue" because they had not provided responses and objections to CAB's *exemplar* RFP dated October 14, 2022 (during jurisdictional discovery, the Court directed the parties to exchange but not respond to provisional merits RFPs). CAB continued to recommend that Plaintiffs join it in "propos[ing] a reasonable and realistic timetable for fact discovery to Magistrate Judge Parker," premised on its estimation of *Plaintiffs'* ability to meet the April 30, 2024, deadline. **Exhibit F**.

Plaintiffs repeated their intention to comply with this Court's fact discovery deadline despite CAB's insistence that Plaintiffs would not be able to meet the dates they set out in their proposed discovery schedule, and again invited CAB to suggest alternative dates to those listed in their July 26, 2023, email "which do not run past the April 30, 2024, deadline." **Exhibit G**. Plaintiffs additionally stated that although CAB had not served an initial RFP since merits discovery began, they would begin that week rolling production of documents responsive to CAB's exemplar RFP from 2022. *See id.*

CAB responded that it was not obligated to serve a new RFP on Plaintiffs once merits discovery began (despite previously proposing an August 31, 2023, deadline for doing so), and further sought a "representation on the record" that Plaintiffs would be able to complete their production of documents so that they could meet the Court's April 30, 2024, deadline for fact discovery. **Exhibit H**. Plaintiffs noted that CAB had itself proposed that the parties exchange initial RFPs by August 31, 2023, but Plaintiffs nonetheless agreed to treat the October 14, 2022, RFP as having been constructively served as of September 12, 2023, the date on which CAB indicated that its prior RFP was now its operative set. *See* **Exhibit I**. Plaintiffs stated that they would serve responses and objections by October 12, 2023, which is 30 days from that e-mail. *See* **Exhibit J**.

Plaintiffs served their updated Rule 26 disclosures on CAB's proposed deadline of September 15, 2023, *see* **Exhibit K**. CAB did not serve the same on Plaintiffs and still has not done so.

Plaintiffs have produced over 80,000 pages to CAB, including documents pertaining to or establishing Plaintiffs' citizenship, evidence of their family members' deaths or injuries, and additional evidence pertaining to Hamas's control of several institutional customers of CAB.

Plaintiffs' counsel have also been actively engaged with Plaintiffs over the past two months to identify potential sources of ESI and have consulted with IT vendors to effectuate the efficient collection of potentially relevant data. We are also preparing productions of records related to each attack and Hamas's responsibility for those attacks as well as medical records in Plaintiffs' possession.

Given the current impasse between the parties and the fact that the *central issue* in this case remains CAB's scienter, Plaintiffs respectfully request the opportunity at Thursday's conference to discuss potential alternative means of proceeding with discovery, resolving the central issue in the case in accordance with the Court's discovery schedule, sparing the parties unnecessary expenditures of time and expense, and conserving the Court's time.

Respectfully submitted,

/s/ Gary M. Osen

Encl.
cc: All Counsel (via ECF)