USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/6/24

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
JULIE AVERBACH, *et al.*, :
:
                         Plaintiffs, :   MEMORANDUM OPINION &
:              ORDER
                     -v - :
:
CAIRO AMMAN BANK, :   1:19-cv-4-GHW-KHP
:
                         Defendant. :
:
------------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

## I. INTRODUCTION

This opinion resolves two pending reports and recommendations by Judge Katharine H. Parker. In the first report and recommendation ("R&R"), Judge Parker concluded that Plaintiffs had adequately pleaded a claim for aiding and abetting terrorism under 18 U.S.C. § 2333. *See* Dkt. No. 114. In the second, she concluded that Plaintiffs had established, after jurisdictional discovery, that the Court has personal jurisdiction over Defendant. *See* Dkt. No. 209. In light of the Supreme Court's intervening decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), the Court defers its decision on whether to adopt Judge Parker's conclusion as to whether Plaintiffs have stated a claim under 18 U.S.C. § 2333. However, because Judge Parker correctly concluded that the Court has personal jurisdiction over Defendant, the Court adopts that conclusion.

## II. BACKGROUND

The Court refers to Judge Parker's R&Rs in this case for a comprehensive description of the facts and procedural history of the case but will briefly review the procedural history relevant to the motion. Plaintiffs filed this case in 2019, asserting a claim for aiding and abetting terrorism under 18 U.S.C. § 2333. Defendant moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim, 12(b)(1) ("Rule 12(b)(1)") for lack of standing,

and 12(b)(2) ("Rule 12(b)(2)") for lack of personal jurisdiction. Dkt. No. 46. Judge Parker issued an R&R concluding that Plaintiffs had adequately pleaded that the Court had personal jurisdiction over Defendant because they alleged that Defendant processed transactions that supported terrorism through New York bank accounts. Dkt. No. 53 ("R&R I") at 11–18. But she recommended that the Court dismiss the complaint for failure to state a claim under 18 U.S.C. § 2333. *Id.* at 23–37. Additionally, Judge Parker determined that some of the plaintiffs did not have standing to assert the claim. *Id.* at 19–23. The Court adopted R&R I in full but granted the plaintiffs with standing leave to replead. Dkt. No. 61.

Plaintiffs filed an amended complaint that asserted the same aiding and abetting claim under 18 U.S.C. § 2333, as well a new claim for direct liability under that statute, including by the plaintiffs whose claims were previously dismissed for lack of standing. Dkt. No. 96. Defendant again moved to dismiss Plaintiffs' complaint for failure to state a claim, lack of standing, and lack of personal jurisdiction. Dkt. No. 97. Judge Parker again concluded that Plaintiffs had adequately pleaded that the Court had personal jurisdiction over Defendant, for the same reasons as before. Dkt. No. 114 ("R&R II") at 16. She also concluded that Plaintiffs had adequately pleaded their aiding and abetting claim in their amended complaint but that they had failed to state a claim for direct liability. *Id.* at 36–53. Finally, she recommended that the claims by the plaintiffs previously dismissed for lack of standing must again be dismissed for lack of standing. *Id.* at 19. Defendant filed timely objections to R&R II, and Plaintiffs responded. Dkt. Nos. 121, 123.

While awaiting the Court's determination on Defendant's objections to R&R II, the parties engaged in jurisdictional discovery. *See* Dkt. No. 139. Defendant then filed a third motion to dismiss under Rule 12(b)(2). Dkt. No. 188. Judge Parker recommended denying that motion because Plaintiffs had adduced evidence that some of the transactions alleged in the complaint, which Judge Parker had previously concluded were sufficient to confer personal jurisdiction over

Defendant, had in fact occurred. Dkt. No. 209 ("R&R III") at 14.  Defendant objected to Judge Parker's conclusion that Plaintiffs had satisfied the constitutional due process requirement of personal jurisdiction, arguing, among other things, that Plaintiffs had not shown a sufficient nexus between the banking transactions and the bombings that caused Plaintiffs' injuries.  Dkt. No. 218.  The matter was fully briefed when Plaintiffs responded to Defendant's objections.  Dkt. No. 219.

### III.  LEGAL STANDARD

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Parties may raise specific, written objections to the report and recommendation within fourteen days of receiving a copy of the report.  *Id.*; *see also* Fed. R. Civ. P. 72(b)(2).

When a party timely objects to a magistrate's report and recommendation, a district court reviews *de novo* "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  But where "the party makes only frivolous, conclusory or general objections, or simply reiterates her original arguments, the Court reviews the report and recommendation only for clear error."  *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014) (quoting *Silva v. Peninsula Hotel*, 509 F. Supp. 2d 364, 366 (S.D.N.Y. 2007)).  "Further, the objections 'must be specific and clearly aimed at particular findings in the magistrate judge's proposal.'"  *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).  The Court also reviews for clear error those parts of the report and recommendation to which no party has timely objected.  28 U.S.C. § 636(b)(1)(A); *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008).

Finally, Federal Rule of Civil Procedure 72(b) provides a district judge the authority not only to "accept, reject, or modify the recommended disposition," but also to "return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3) ("Rule 72(b)(3)").

## IV. DISCUSSION

### A. R&R II

Neither party has objected to Judge Parker's conclusions in R&R II that Plaintiffs claim for direct liability under 18 U.S.C. § 2333 should be dismissed without prejudice and that Plaintiffs Julie Averbach, Matanya Nathansen, and Nevenka Gritz lack standing to assert claims under 18 U.S.C. § 2333. The Court reviews those conclusions for clear error and finds none. Accordingly, the Court adopts those conclusions.

However, the Court defers its decision on Defendant's objections to Judge Parker's conclusion that the remaining Plaintiffs have adequately pleaded their claim for aiding and abetting terrorism under 18 U.S.C. § 2333. After Judge Parker issued R&R II, the Supreme Court clarified the standard for stating a claim for aiding and abetting under 18 U.S.C. § 2333. *See Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023). That decision impacts the analysis of whether Plaintiffs have adequately pleaded their claim. Therefore, the Court returns the matter to Judge Parker pursuant to Rule 72(b)(3) and instructs her to consider Defendant's Rule 12(b)(6) motion in light of the Supreme Court's decision in *Twitter*, with the aid of additional briefing by the parties regarding the impact of that decision on Defendant's motion.[1]

### B. R&R III

For the purposes of its evaluation of R&R III, the Court treats Defendant's objections to

---

[1] As described, Judge Parker also concluded in R&R II that Plaintiffs had adequately pleaded that the Court has personal jurisdiction over Defendant. Defendant objected to that conclusion. Because the Court agrees with Judge Parker's conclusion in R&R III that Plaintiffs have established, post-jurisdictional discovery, that the Court has personal jurisdiction over Defendant, the Court need not make a determination with respect to her conclusion regarding personal jurisdiction in R&R II.

R&R II as sufficiently precise to merit *de novo* review.  The Court has reviewed the briefing with respect to the motion to dismiss and the objections and has conducted a *de novo* review of the arguments presented in connection with the motion to dismiss, informed by the arguments presented in the objections and the briefing responding to them.  Having done so, the Court rejects the objections and adopts Judge Parker's conclusion that Plaintiffs have established that the Court has personal jurisdiction over Defendant.  In particular, the Court agrees with Judge Parker's conclusion that personal jurisdiction arises from Defendant's processing of transactions from a New York bank account owned by the Holy Land Foundation, an organization recognized by the United States as a specially designated global terrorist group, to "ostensibly charitable committees in the West Bank and Gaza that were controlled by Hamas, and that Hamas used . . . to indoctrinate the populace, recruit suicide bombers, support the families of Hamas prisoners and suicide bombers, and siphon money for terrorist attacks."  R&R III at 3.

The Court recognizes that the Supreme Court issued its decision in *Twitter* after the parties had fully briefed the issue of personal jurisdiction before Judge Parker.  If the parties wish to file supplemental briefing regarding the impact, if any, of that decision on the analysis of personal jurisdiction in this case, they may submit such briefing to Judge Parker for consideration in the first instance.  However, the Court directs the parties to take note of the Second Circuit's decision in *Spetner v. Palestine Inv. Bank*, 70 F.4th 632 (2d Cir. 2023), issued after the *Twitter* decision.  In *Spetner*, the Second Circuit reaffirmed the standard for establishing personal jurisdiction outlined in *Licci v. Lebanese Canadian Bank*, 732 F.3d 161 (2d Cir. 2013), namely that "where the cause of action entails the 'unlawful provision of banking services of which the wire transfers are a part[,] allegations of [the defendant bank's] repeated, intentional execution of U.S.-dollar-denominated wire transfers on behalf of [its clients]' in order to support terrorist activity are sufficient for jurisdiction."  *Spetner*, 70 F.4th at 645–46 (quoting *Licci*, 732 F.3d at 171) (alterations in the original).

## V. CONCLUSION

For the reasons set forth in R&R III, Defendant's motion to dismiss the complaint for lack of personal jurisdiction is DENIED. For the reasons set forth in R&R II, the claims by Plaintiffs Julie Averbach, Matanya Nathansen, and Nevenka Gritz are dismissed with prejudice. The remaining Plaintiffs' direct liability claim under 18 U.S.C. § 2333 is dismissed without prejudice. Any amended complaint must be filed within fourteen days of the date of this order.

With respect to the remaining Plaintiffs' claims for aiding and abetting terrorism under 18 U.S.C. § 2333, Judge Parker is instructed to provide the Court with an amended report and recommendation consistent with this order following supplemental briefing by the parties regarding the impact, if any, of the *Twitter* decision.

The Clerk of Court is directed to terminate the motions pending at Dkt. Nos. 97 and 188.

SO ORDERED.

Dated: August 6, 2024
      New York, New York

                                         GREGORY H. WOODS
                                         United States District Judge