

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/3/2024

August 28, 2024

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Averbach et al. v. Cairo Amman Bank*, 19-cv-00004-GHW-KHP

Dear Magistrate Judge Parker:

    We represent Plaintiffs in the above-referenced case and write in response to today's filing of a "Notice to Attorney Regarding Deficient Pleading."

    On August 6, 2024, Judge Woods issued a Memorandum Opinion and Order, ECF No. 274, which adopted certain rulings issued by Your Honor in two Reports and Recommendations, ECF Nos. 114 and 209. In ECF 114, Your Honor recommended "CAB's motion to dismiss the **personal claims** of [Julie] Averbach, [Matanya] Nathansen, and [Nevenka] Gritz for lack of standing be granted for the same reasons as before." ECF No. 114 at 19 (emphasis added). Judge Woods' Memorandum Opinion and Order ("Opinion") adopted this recommendation: "For the reasons set forth in R&R II, the claims by Plaintiffs Julie Averbach, Matanya Nathansen, and Nevenka Gritz are dismissed with prejudice." ECF No. 274 at 6. That dismissal did not affect their claims on behalf of estates of other plaintiff-decedents (Julie Averbach on behalf of the Estate of Steven Averbach; Nevenka Gritz on behalf of the Estate of David Gritz, and Nevenka Gritz on behalf of the Estate of Norman Gritz; and Matanya Nathansen on behalf of the Estate of Tehilla Nathansen).

    In accordance with the Opinion and Your Honor's August 15, 2024, Post-Case Management Conference Order, ECF No. 277, Plaintiffs filed their Third Amended Complaint ("TAC") on August 27, 2024, ECF No. 280. The TAC includes both the dismissed personal claims asserted by Julie Averbach, Matanya Nathansen and Nevenka Gritz in their individual capacities—which Plaintiffs are preserving for appellate purposes—as well as their claims asserted on behalf of estates.

    The "Notice to Attorney Regarding Deficient Pleading" presumably reflects an error on the docket, which considered the Court to have dismissed the claims of these three Plaintiffs in

Hon. Katharine H. Parker
August 28, 2024
Page 2 of 2

*both* their individual capacities *and* as estate representatives. Specifically, the docket reflects that on August 6, 2024, the claims of Julie Averbach, Nevenka Gritz, and Matanya Nathansen were dismissed in both their individual capacities as well as in their capacities as estate representatives.

Based on Your Honor's R&R and Judge Woods' adoption of it, Plaintiffs request that the docket be corrected and that the notation that these four estates were terminated on August 6, 2024, be removed. Additionally, because Plaintiffs are seeking to preserve their appellate rights with respect to the *personal* claims of Julie Averbach, Nevenka Gritz, and Matanya Nathansen with the filing of the Third Amended Complaint, Plaintiffs are seeking guidance from the Court as to how to properly docket the Third Amended Complaint as it pertains to these three individuals.

Respectfully submitted,

/s/ Aaron Schlanger

cc:   All Counsel

The docket has been corrected and therefore the requests raised in this letter are now moot.

SO ORDERED:

_Katharine H. Parker_   9/3/2024
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE