

DLA Piper LLP (US)
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Samantha Chaifetz
samantha.chaifetz@us.dlapiper.com
T   202.799.4082
F   202.799.5082

September 9, 2024

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Averbach et al. v. Cairo Amman Bank*, 19-cv-00004-GHW-KHP
              **Joint Response to the Court's August 15, 2024, Minute Order**

Dear Magistrate Judge Parker:

      The parties write jointly pursuant to the Court's August 15, 2024, Minute Order, and further to Defendant Cairo Amman Bank's ("CAB") September 6, 2024, letter, ECF No. 284. In that letter, CAB advised the Court that it has decided to move for summary judgment under Fed. R. Civ. P. 56 following the conclusion of expert discovery and will address the Supreme Court's decision in *Twitter, Inc. v. Taamneh*, 598 U.S. 471 (2023), in the briefing of that motion. CAB also notified the Court that CAB proposed, and Plaintiffs have consented to, Defendant serving its expert reports on October 2, 2024.

      Defendant requests and Plaintiffs consent to CAB serving its answer to the Third Amended Complaint on December 13, 2024.

      Defendant has proposed the schedule below, which Plaintiffs do not object to *in principle*. However, during last Thursday's meet-and-confer, Defendant's counsel advised Plaintiffs' counsel that they are likely to submit reports for 10-15 experts. Defendant has disclosed the six general topics on which these experts are expected to opine, including the identities of four of the experts. Defendant's counsel has stated that they are unable presently to identify the remaining experts but will share information as it is finalized, which is expected to occur by September 25, 2024.

      Plaintiffs' counsel advised Defendant's counsel that based on their past experience with expert reports in *Linde v. Arab Bank, PLC* (a case with similar factual allegations and involving some of the same counsel), they may wish to move to exclude the testimony of some of Defendant's experts on threshold relevance grounds before expert discovery occurs. *See, e.g.,*

*Linde*, 920 F. Supp. 2d 282, 282-85 (E.D.N.Y. 2011) (excluding the testimony of 14 experts – prior to their depositions – whose reports opined on, *e.g.,* the capabilities of Israeli intelligence, the motivations of the defendant's customers and suicide bombers and the history of international assistance efforts in the Palestinian Territories and economic development of the region).

Defendant strongly disagrees with Plaintiffs' attempt to imply that Defendant's experts' forthcoming opinions will be excluded based on fifteen-year-old rulings in a different case. Defendant has pointed out to Plaintiffs that there is irony in Plaintiffs' citation to *Linde* as Plaintiffs simultaneously assert that they do not know what Defendant's experts will address and therefore seek to defer fully adopting an expert discovery schedule. In any event, Defendant may also wish to move to exclude the testimony of some of Plaintiffs' three expert reports, in whole or in part as well as any additional rebuttal expert reports Plaintiffs may submit. And, to the extent that *Linde* is raised here, Defendant notes that the court there excluded some of the testimony of some of the plaintiffs' experts (some of whom are among Plaintiffs' experts here). *See, e.g.*, *Linde v. Arab Bank, PLC,* No. 04-cv-05449, ECF No. 895 at 8 (May 28, 2013) (excluding plaintiffs' expert Jonathan Winer's opinion testimony regarding, *e.g.*, state-of-mind or motivations of others); *Linde v. Arab Bank, PLC,* 922 F. Supp. 2d 316, 324, 325, 332 (E.D.N.Y Feb. 6, 2013) (excluding the expert opinion of Jimmy Gurule and excluding, in part, the expert opinions of Arieh Spitzen and Matthew Levitt).

At this stage, Plaintiffs are *not* suggesting that such motion practice will be necessary before expert discovery, but given the large number of anticipated defense experts, Plaintiffs submit that committing to a complete expert discovery schedule at this time would be premature given that they do not yet know what the identities or even the specific subjects of testimony are for 60–70% of CAB's experts. Defendant does not object to Plaintiffs' request to defer committing to a complete expert discovery schedule until after Defendant serves its expert reports.

Accordingly, the parties request that the Court enter an order directing Defendant to serve its expert reports on October 2, 2024. The chart below reflects Defendant's proposed schedule. Plaintiffs request that they be permitted to evaluate all of Defendant's expert reports, confer with Defendant's counsel, and thereafter submit a joint status report on **October 16, 2024**, either (1) requesting entry of the remainder of the expert discovery schedule proposed by Defendant below, (2) submitting a joint revised schedule based on the number and content of Defendant's expert reports (including potentially a schedule for briefing motions to exclude), or (3) if the parties cannot agree, setting forth their respective positions on how to proceed with the completion of expert discovery.

Hon. Katharine H. Parker
September 9, 2024
Page Three

| Deadline | CAB's Proposed Dates |
|---|---|
| Deadline for CAB to serve its expert report(s) as to liability, including rebuttal testimony and affirmative testimony, if any. | Wednesday, October 2, 2024 |
| Deadline for Plaintiffs to serve any reply or rebuttal expert report(s) responding to CAB's expert report(s). | Wednesday, December 4, 2024 |
| Deadline for CAB to serve any reply expert report(s) responding to any rebuttal expert reports by Plaintiffs. | Wednesday, January 15, 2025 |
| Deadline for the parties to complete expert depositions. | Friday, March 21, 2025 |

Respectfully submitted,

*Samantha Lee Chaifetz*

Samantha L. Chaifetz

cc: All Counsel of Record (via ECF)

The Court adopts the above schedule subject to potential extensions pending the October 16, 2024 status letter that will be filed by the parties.

SO ORDERED:

*Katharine H Parker*    9/10/2024

HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE