Case 1:19-cv-00004-GHW-KHP   Document 319   Filed 02/11/25   Page 1 of 2



```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/11/2025
```

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Samantha Chaifetz
samantha.chaifetz@us.dlapiper.com
T  202.799.4082
F  202.799.5082

February 10, 2025

> The Court adopts the parties' proposed schedule as detailed below.

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

SO ORDERED:

*[signature]* 2/11/2025
HON. KATHARINE H. PARKER
UNITED STATES MAGISTRATE JUDGE

> Re:   *Averbach et al. v. Cairo Amman Bank*, Index No. 19-cv-00004

Dear Judge Parker:

    As discussed at the status conference on February 5, 2025 (*see* Feb. 5, 2025 Tr. 14:5-6), we are writing on behalf of CAB to provide this Court with a proposed modification to this Court's October 28, 2024 Scheduling Order (ECF 298), regarding the deadlines for expert discovery on liability.

    The parties' original proposed briefing schedule was designed to provide the parties with the opportunity "to clarify the parameters of relevant evidence in the case and to prevent the parties from wasting significant resources on certain expert depositions and other expert discovery." ECF 296. Thus, the parties proposed and the Court ordered a briefing schedule for cross-motions to exclude the proposed testimony of certain experts based on their expert reports. *See* Oct. 29, 2024 Minute Order. Plaintiffs filed their opening brief on December 17, 2024. *See* ECF Nos. 313-315.

    The parties recognized that "[f]or any expert witness, either party may defer moving to exclude the witness's testimony on the basis of relevance, prejudice, and *Daubert* until after the completion of the expert's deposition." ECF 296. In all events, however, it has and remains "the shared expectation and intent of the parties that, absent good cause, there will be no more than one motion to exclude each expert witness." *Id.*

    CAB wishes to defer submitting any motion to exclude Plaintiffs' experts' testimony until after the completion of those experts' depositions. The depositions of Mr. Spitzen and Dr. Levitt are currently scheduled for February 26-27 and March 18, respectively, and the depositions of Mr. Gottlieb and CAB's experts not subject to the pending motion will be scheduled shortly. The parties have not yet agreed on dates for depositions of Plaintiffs' rebuttal experts Mr. Brabbing and Ms. Burns; however, they will do so once the Court rules on Plaintiffs' pending Motion to Exclude and clarifies the scope of expert testimony in this case.



February 10, 2025
Hon. Katharine H. Parker
Page Two

Thus, under the proposed modification of the schedule, all briefing on Plaintiffs' motion to strike would be completed by March 5, 2025, rather than March 26. With the benefit of the Court's ruling on that motion, the parties anticipate that any motion to exclude Plaintiffs' experts that CAB may bring could be fully briefed well in advance of the close of expert discovery on July 31, 2025.

CAB's proposed discovery schedule is set forth below:

| Submission | Deadline |
| --- | --- |
| Defendant's Opposition to Plaintiffs' Motion to Exclude | Wednesday, February 12, 2025 |
| Plaintiffs' Reply Brief (Concluding briefing of Plaintiffs' Motion to Exclude) | Wednesday, March 5, 2025 |
| Status Report Regarding Expert Discovery, and Proposed Schedule for Briefing on CAB's Motion to Exclude | Monday, April 7, 2025 |
| Deadline to complete depositions of experts not excluded | Thursday, July 31, 2025 |

Plaintiffs' counsel has informed us that Plaintiffs consent to this proposed modification.

Respectfully submitted,

Samantha Chaifetz

cc: All Counsel of Record (via ECF)