June 16, 2025

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Averbach et al. v. Cairo Amman Bank*, No. 19-cv-00004 (GHW) (KHP)
              Status Letter Regarding Proposed Letters Rogatory, ECF Nos. 355-1, 355-2

Dear Magistrate Judge Parker:

      The parties respectfully write to update the Court on the status of discussions regarding Cairo Amman Bank's ("**CAB**") proposed letters rogatory to Jordanian and Palestinian authorities. ECF Nos. 355-1 and 355-2.

      Since the initial submission of CAB's proposed letters rogatory, the parties have sought to reach agreement on modifications to the draft letters rogatory.

      CAB will submit letters revised to clarify that the 59 accountholders identified are persons or entities with accounts during the relevant time period in the Palestinian Territories. Further, in the revised letter, the number of accountholders for which assistance is requested will be reduced by the number of waivers CAB has obtained. At present, CAB has confirmed receipt of 21 waivers of bank secrecy for records and information pertaining to the relevant time period. Accordingly, the number of accountholders in the revised proposed draft (attached as **Exhibit A**) is reduced from 59 to 38. CAB will continue to seek additional waivers but does not intend to submit revised letters to the Palestinian and Jordanian authorities each time the number of outstanding, non-waived accountholders decreases.

      The only remaining area of disagreement between the parties is with regard to the use of the "CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("**AEO**") Designation.

      a.  **Plaintiffs' position:**

      Plaintiffs state that the AEO restriction is inappropriate under the Protective Order ("PO"). PO Paragraph D.3 limits AEO designation to trade secret or proprietary information that would provide competitors with a competitive advantage or jeopardize the designating party's business interests if disclosed. The banking records at issue do not constitute trade secrets or proprietary information that would harm CAB's competitive position, nor are Plaintiffs' clients (prohibited from viewing AEO information) CAB's competitor. The standard "Confidential" designation provides adequate protection for customer banking information, much of which here is almost two-decades old (if not older). *See* ECF No. 206 (noting that "not all banking information implicates a

privacy interest" and noting that this is "especially true when the information 'date[s] back several years' such that any privacy interest in that information is 'stale'"). Here, Plaintiffs are not arguing for or seeking pre-trial disclosure – only noting that the AEO designation is not the appropriate one for these particular records. Moreover, because the proposed letters rogatory seek very limited data purported to exist, this request is not analogous to the letters rogatory issued in *Bartlett, et al. v. Société Générale de Banque au Liban SAL, et al.* where a broad range of records were requested. The *Bartlett* plaintiffs have challenged the AEO designations in that case as well and are awaiting further information from the defendants. In sum, the AEO designation prevents counsel from providing complete copies of Plaintiffs' briefs to the Plaintiffs themselves, for no legitimate reason.

    **b. Defendant's position:**

CAB remains of the view that AEO designation is appropriate. Disclosure of CAB's accountholders is the kind of disclosure of "customer lists" and "potentially sensitive information that constitute[s] … proprietary information" for the Bank that is included in Section D(2) of the Protective Order (ECF 130). Further, CAB cannot ascertain why Plaintiffs feel the need for these documents to be marked "Confidential" as opposed to AEO. Plaintiffs have provided no explanation for why they need to provide any documents or information produced by CAB in response to the letters rogatory to individuals or entities other than outside of counsel and non-party vendors or Experts. Given the sensitivity of this information, the AEO designation properly limits the number of persons who receive this highly sensitive information and reduces the risk of inadvertent or improper disclosures.

Moreover, designating any documents or information CAB provides as "AEO" is consistent with the approach taken in other letters rogatory. *See* "Request for International Judicial Assistance (Letter Rogatory)," *Bartlett, et al. v. Société Générale de Banque au Liban SAL, et al.*, No. 19-CV-7, ECF No. 342 (E.D.N.Y. Aug. 14, 2023) (ordering that "documents sought pursuant to this Request can be designated as 'Confidential Information – Attorneys' Eyes Only'"). As Counsel is aware, the Protective Order in *Bartlett* uses the same definition of AEO as in this case. *Compare* ECF 130 *with* "Joint Stipulation and Proposed Protective Order," *Bartlett*, No. 19-CV-7, ECF No. 273 (E.D.N.Y. July 8, 2022).

    Respectfully submitted,

*/s/ Samantha L. Chaifetz*  
Samantha L. Chaifetz  
DLA Piper LLP (US)  
500 Eighth Street, NY  
Washington, DC 20004

*/s/ Gary M. Osen*  
Gary M. Osen  
Osen LLC  
1441 Broadway, Sute 6022  
New York, New York 10018

cc:    All Counsel (via ECF)