

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

Samantha Chaifetz
samantha.chaifetz@us.dlapiper.com
T  202.799.4082
F  202.799.5082

August 22, 2025

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

   Re: *Averbach et al. v. Cairo Amman Bank*, Index No. 19-cv-00004

Dear Judge Parker:

CAB writes to update the Court regarding its efforts "to obtain permission from Jordanian and Palestinian authorities and/or to produce the records related to the 66 accounts." ECF 325.

**Letters Rogatory**

The Court issued letters rogatory to Jordanian and Palestinian authorities on June 30, 2025. Since that time, CAB has provided copies of the letters rogatory to the Jordanian and Palestinian authorities and has sought to serve those letters through official, diplomatic channels.

CAB has been working with CSC Global, a document authentication and legalization vendor, to complete the formal service of process. On August 18, 2025, CSC Global informed CAB that the letters rogatory remain with the U.S. Department of State, and that CSC Global expects the State Department will dispatch the letters rogatory to the appropriate embassies in early September.

In the interim, CAB has received responses to the courtesy copies of the letters rogatory from Jordanian and Palestinian authorities. The Palestinian Ministry of Justice informed CAB that it cannot lift bank secrecy without the written consent of the accountholder or a Palestinian court order. As a result, the Palestinian Ministry of Justice has not granted CAB's request to lift bank secrecy. The Jordanian Ministry of Justice informed CAB that the Ministry of Foreign Affairs and Expatriates should be addressed when it comes to the letter rogatory. CAB understands this to mean that the Ministry of Justice will await official receipt of the letter rogatory through diplomatic channels before responding.

While this Court's August 15 deadline has passed, CAB will provide this Court with any further updates when the diplomatic process is complete.



August 22, 2025
Hon. Katharine H. Parker
Page Two

**CAB's Customer Waivers and Production**

CAB has sought to obtain as many customer waivers as possible. Of the 59[1] individuals or entities on Plaintiffs' lists who were accountholders during the relevant period, 29 held accounts that were closed before 2009. Given the age of the accounts and conditions in the Palestinian Territories (especially Gaza), CAB has encountered significant challenges in obtaining customer waivers.

Nonetheless, to date, CAB has obtained waivers from 28 of the 59 accountholders. These include 19 who held accounts as of 2009, and 9 whose accounts closed prior to 2009. CAB has produced responsive documents and information in its possession for these customers as follows: account opening records for all 19 customers for whom such records exist, and spreadsheet (MS SQL) data for 27 of the 28 customers.[2] (The 28th customer waiver was only recently obtained by CAB. CAB disclosed that customer's name to Plaintiffs on August 15 and will produce that customer's MS SQL information to Plaintiffs as soon as possible. No account opening records exist for that customer because the account was closed before 2009.)

As noted, it is challenging to locate and contact individuals in the Palestinian Territories—due considerably to the ongoing military conflict there—so CAB remains in the process of diligently attempting to obtain waivers. Given the significant success CAB has had thus far, including waivers obtained just this month, CAB respectfully requests an additional 60 days to continue to seek additional waivers. Plaintiffs consent to this request.

Respectfully submitted,

Samantha Chaifetz

cc: All Counsel of Record (via ECF)

---

[1] CAB identified duplicate names and erroneous matches, which resulted in the total number of accountholders on Plaintiffs' lists being 59; CAB informed Plaintiffs of this correction during the parties' meet-and-confer process earlier this year.

[2] The spreadsheets are from a static Microsoft (MS) SQL database of limited historic customer data, such as, customer names, IDs, and the dates for account openings and closings. *See* Chaifetz Decl., Ex. A, July 31, 2024 Deposition (Al Qassem) Tr. 148:20-24 (ECF 305-1). All available data have been produced to plaintiffs for each accountholder with a waiver.