

190 Moore Street, Suite 272, Hackensack, New Jersey 07601
T: 201 265 6400 F: 201 265 0303

44 South Broadway, White Plains, NY 10601
T: 212 354 0111
www.osenlaw.com

January 19, 2026

**VIA ECF**

Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:    *Averbach et al. v. Cairo Amman Bank*, 19-cv-00004-GHW-KHP

Dear Magistrate Judge Parker:

We write on Plaintiffs' behalf pursuant to Your Honor's January 8, 2026, Order, ECF No. 417, to update the Court on the status of the stipulations the parties referenced in their January 7, 2026, joint letter, ECF No. 416, including Plaintiffs' request for post-2009 transactional records and CAB's request to claw back certain post-2009 records it has previously produced. Mindful of the Court's "urg[ing] the parties to utilize the meet-and-confer process to narrow substantially the issues to be decided on the motion" and its "eager[ness] to finish discovery in this case and [avoid] any further delays," made multiple proposals to CAB to simplify, narrow and where possible, obviate the need for additional motion practice. But Plaintiffs did not receive responses to their proposals last week, so they are filing today the scheduled motion to compel CAB's production of post-2009 account records for 19 accountholders but hope CAB's counsel will soon engage with Plaintiffs' proposals to the extent their respective schedules permit.

**Plaintiffs' Attempt to Obviate by Stipulation Their Motion to Compel and CAB's Motion to Claw Back Post-2009 Records; Plaintiffs' Proposed Rule 37 Bank Secrecy Stipulation**

After an initial discussion on December 31, 2025, of Plaintiffs' proposals, on January 12, Plaintiffs' counsel sent defense counsel a draft stipulation offering to forgo their (meritorious) motion to compel entirely in return for CAB's agreeing to forgo any motion for a protective order/claw back of post-2009 documents it has produced. Plaintiffs' proposal also offered to stipulate to certain non-punitive Rule 37 bank secrecy remedies in lieu of briefing a formal Rule 37 remedy motion concurrent with summary judgment. These proposals – incorporated in a draft stipulation – were all intended to accelerate completion of discovery, avoid further delays and facilitate the scheduling of summary judgment briefing. Plaintiffs further proposed a call on Tuesday and Wednesday of last week to discuss the stipulation further – but Plaintiffs did not receive *any* response from defense counsel either to the contents of the draft stipulation or the offer to meet and confer.

Accordingly, Plaintiffs will file their motion to compel today as directed by the Court's January 8, 2026, Order. However, Plaintiffs hope that CAB's counsel will respond this week and hopefully at least some of the proposals Plaintiffs have set forth will be discussed soon.

**Hon. Katharine H. Parker**
**January 19, 2026**
**Page 2 of 2**

<u>**Proposed Summary Judgment Schedule**</u>

On January 13, Plaintiffs sent defense counsel a proposed schedule for summary judgment and pre-trial briefing (commencing on February 16) that they indicated they would like to submit jointly to the Court today. Plaintiffs noted in their email to defense counsel that "[t]o give the fullest picture of potential briefing, the proposed schedule assumes that we won't be able to finalize the Rule 37 stipulation before next week but should we able to do so before briefing commences in February, we can always remove [Rule 37 briefing] without disrupting the rest of the schedule." As with Plaintiffs' other proposals, CAB's counsel has not yet responded to the proposed schedule for summary judgment. Plaintiffs are hopeful CAB's counsel will do so this week.

<u>**Abed Stipulation**</u>

Following the parties' December 31, 2025, meet and confer discussion, on January 9, Plaintiffs sent defense counsel a draft stipulation regarding CAB's expert witness Dr. George Abed, who was also listed on CAB's Fourth Amended Rule 26(a)(1) Disclosures, because CAB had informed Plaintiffs that, due to a medical emergency, Dr. Abed is unable to be deposed at this time and possibly at all. On January 12, defense counsel sent Plaintiffs their proposed revisions to the document. That same day, Plaintiffs wrote defense counsel, informing them that they had accepted all of defense counsel's proposed revisions and had one additional proposed modification. In the week since, Plaintiffs have not received a further response from defense counsel about this stipulation but hope the matter can be resolved, given the apparent lack of contention on this issue.

<u>**Deposition of CAB Expert Dr. Matti Steinberg**</u>

The parties have exchanged correspondence on the issue of continuing the deposition of CAB's expert, Dr. Matti Steinberg. In response to Plaintiffs' letter dated November 25, 2025, CAB wrote to Plaintiffs' counsel last week providing their position. Plaintiffs are hopeful the parties will be able to meet and confer on this topic in the coming days to determine whether court intervention is necessary to resolve the dispute.

Respectfully submitted,

/s/ Gary M. Osen

cc:    All Counsel