UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AVERBACH et al., | |
| Plaintiffs, | |
| -against- | |
| CAIRO AMMAN BANK, | |
| Defendant. | |

**OPINION & ORDER ON
MOTION TO EXTEND DURATION
OF DEPOSITION**


**19-cv-0004-GHW-KHP**

**KATHARINE H. PARKER, United States Magistrate Judge**

Plaintiffs have moved to compel an additional hour of deposition testimony from defense expert Dr. Matti Steinberg, who has already testified for 15 hours over the course of three days.  Defendant already agreed to allow for 14 hours of deposition because of the use of an interpreter throughout the deposition and the time difference between the United States and Israel.  Nonetheless, Plaintiffs seek additional time to probe Dr. Steinberg's opinion that while he worked at the Israeli Security Agency there was no civil *da'wa* infrastructure of charitable organizations that were controlled by Hamas; to ask follow-up questions about an autobiography of someone with whom Dr. Steinberg worked called *Friendly Fire;* and to ask questions about a letter to the Knesset co-written by Dr. Steinberg.

The Federal Rules of Civil Procedure limit depositions to seven hours, although parties may agree to extend the time or, alternatively, the court may extend the time if needed for a deponent to be fairly examined. *See* Fed. R. Civ. P. 30(d)(1); Fed. R. Civ. P. 26(b)(2)(A) (permitting court to alter deposition duration limitations in rules); *In re Agent Orange Prod. Liab. Litig.*, 517 F.3d 76, 103 (2d Cir. 2000)) ("A district court has wide latitude to determine the

1

scope of discovery . . . ."); *Arista Records LLC v. Lime Grp. LLC*, No. 06-cv-5936 (GEL), 2008 WL 1752254, at *1 ("A district court has broad discretion to set the length of depositions appropriate to the circumstances of the case.") (citing *In re Agent Orange*, 517 F.3d at 103). Any request to extend the duration of a deposition is cabined by Rule 26(b), which requires discovery to be both relevant and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); Fed. R. Civ. P. 30, Adv. Comm. Notes to 2000 amend. (recognizing need for potentially longer duration of expert deposition to examine all of the bases for opinions).

The burden is on the party seeking additional time to show good cause to justify additional time. *Calderon v. Symeon*, No. 06-cv-1130, 2007 WL 735773, at *1 (D. Conn. Feb. 2, 2007) (quoting 7 James Wm. Moore, et al., *Moore's Federal Practice*, § 30.45 (3d. ed. 2006)). Good cause can include when an interpreter is needed, where the information to be probed took place over an extended period of time or involves voluminous documents, where an expert has provided detailed and lengthy opinions, where a party has impeded a deposition, among other reasons. Fed. R. Civ. P. 30, Adv. Comm. Notes to 2000 amend.; *Saeed v. Cnty. of Nassau*, No. 09-cv-3314 (DRH) (AKT), 2011 WL 6945755, at *2 (E.D.N.Y. May 23, 2011).

In general, even when courts allow for additional deposition time, they have limited extensions to an additional day or less. *See, e.g.*, *Republic of Turkey v. Christie's, Inc.*, 326 F.R.D. 402, 407 (S.D.N.Y. 2018) (granting an additional three and one-half hours where thousands of documents produced after deposition conducted); *Arista Records,* 2008 WL 1752254, at *3 (granting an additional four hours to depose witness on top of the more than six hours of deposition time already conducted); *Carmody v. Vill. of Rockville Centre,* No. 05-cv-4907 (SJF) (ETB), 2007 WL 2177064, at *4 (granting defendants three additional hours to depose plaintiff

for a total of ten hours); *Bender v. Del Valle,* No. 05-cv-6459, 2007 WL 1827839, at *3 (S .D.N.Y. June 25, 2007) (denying request of defendants to take an additional seven hours of deposition of plaintiff in addition to the almost eleven hours of deposition testimony already taken); *Kelly v. Rosenberg & Estis, P.C.*, No. 25-cv-4776 (CM) (VF), 2026 WL 535435 (S.D.N.Y. Feb. 25, 2026) (allowing only three additional hours of deposition); *Krause v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 10-cv-2603 (RMB) (JLC), 2010 WL 11882040, at *1-2 (S.D.N.Y. Oct. 7, 2010) (permitting defendants to continue plaintiff's deposition for four hours and thirty minutes where defendants sought seven additional hours and plaintiff offered two hours); *Saeed*, 2011 WL 6945755, at *1 (permitting defendant to continue plaintiff's deposition for four hours where defendant sought seven additional hours and plaintiff offered no hours); *Robinson v. De Niro*, No. 19-cv-9156 (KHP), 2022 WL 274677, at *1 (permitting defendants to continue plaintiff's deposition for five hours and forty minutes where defendants sought an additional seven hours and forty minutes and plaintiff offered two hours and forty minutes).

Although Plaintiffs reserved their right to further question Dr. Steinberg when the last day of his deposition ended, they have not shown good cause to continue the deposition any longer.  The Court is fully familiar with Dr. Steinberg's opinion and, even considering that a Hebrew interpreter was needed, finds that Plaintiffs have had more than sufficient time to fairly examine Dr. Steinberg.  Defendant points out that Plaintiffs already posed numerous questions to Dr. Steinberg on his opinion regarding *da'wa* organizations and Hamas's control or affiliation with same.  Dr. Steinberg also answered several questions about the book, which is at best tangential to his opinions in this case.  Defendant also points out that Dr. Steinberg did not rely on the Knesset letter in forming his opinions and Plaintiff has not otherwise demonstrated by

3

this subject is relevant or why allowing additional time to depose Dr. Steinberg would be proportional to the needs of this case.  Having considered the materials submitted, there is no basis for allowing additional time to depose Dr. Steinberg on any of the subjects in Plaintiff's letter.  Accordingly, the motion is DENIED.

**CONCLUSION**

For the above reasons, the motion at ECF No. 436 is **DENIED**.  The Clerk is respectfully directed to terminate the motion at ECF No. 436.

**SO ORDERED**

March 16, 2026
New York, New York

_____
Katharine H. Parker
U.S. Magistrate Judge