USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/5/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AVERBACH et al.,

Plaintiffs,

-against-

CAIRO AMMAN BANK,

Defendant.

**OPINION AND ORDER ON MOTIONS TO SEAL**

**19-CV-0004-GHW-KHP**

**KATHARINE H. PARKER, United States Magistrate Judge:**

The parties in this action have moved to seal documents submitted in connection with their respective summary judgment motions. (ECF Nos. 451, 452, 455, 471, 472, 477, 490, 493, 494). CAB moved to seal portions of its moving brief, opposition brief, reply brief, 56.1 Statement, 56.1 Counter Statement and certain accompanying exhibits, and Plaintiffs moved to seal portions of their moving brief, opposition brief, reply brief, 56.1 Statement, 56.1 Counter Statement and certain accompanying exhibits. Those motions are now before the Court. For the reasons stated below, the motions to seal are granted in part and denied in part.

**LEGAL FRAMEWORK**

The common law and the First Amendment accord a presumption of public access to judicial documents. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). The public's presumptive right of access to judicial documents is "potent and fundamental," and is "integral to our system of government." *Mirlis v. Greer*, 952 F.3d 51, 58–59 (2d Cir. 2020) (citation omitted); *United States v. Erie Cnty., N.Y.*, 763 F.3d 235, 238–39 (2d Cir. 2014).

In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. A judicial

document is "a filed item that is 'relevant to the performance of the judicial function and useful in the judicial process.'" *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 139 (2d Cir. 2016) (*quoting Lugosch*, 435 F.3d at 119). "Documents that are never filed with the court, but simply 'passed between the parties in discovery,'" are not judicial documents and lie "beyond the presumption's reach." *Brown v. Maxwell*, 929 F.3d 41, 49-50 (2d Cir. 2019). When a document becomes a "judicial document," the presumption of public access attaches.

Second, once the Court finds that the document is a "judicial document," the court must determine the weight of the presumption that attaches. The weight given the presumption of access is "governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts." *Id.* at 49. "The strongest presumption attaches where the documents 'determin[e] litigants' substantive rights,' and [the presumption] is weaker where the 'documents play only a negligible role in the performance of Article III duties.'" *Olson v. Major League Baseball*, 29 F.4th 59, 89–90 (2d Cir. 2022) (citations omitted). "Thus, a strong presumption attaches to materials filed in connection with dispositive motions, such as a motion to dismiss or a summary judgment motion." *Id.* The weight accorded to the presumptive right to public access is lower if the document is submitted in connection with a discovery dispute or other non-dispositive motion. *Brown*, 929 F.3d at 49–50.

Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption. *Lugosch*, 435 F.3d at 120. Regardless of the weight that must be accorded to the presumption, the court must make "specific, on the record findings" that sealing is necessary "to preserve

higher values," and "is narrowly tailored to serve that interest." *Id*. The court may deny public disclosure of the record only "if the factors counseling against public access outweigh the presumption of access afforded to that record." *Olson*, 29 F.4th at 88.

"Higher values" refers to the preservation of information that might warrant sealing including personal privacy interests, public safety, the preservation of attorney-client privilege, and the protection of competitively sensitive business information. *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018); *Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015). A sealing request is "narrowly tailored" when it seeks to seal *only* that information that must be sealed to preserve higher values. *Susquehanna Int'l Grp. Ltd. v. Hibernia Express (Ir.) Ltd.*, No. 21 Civ. 207, 2021 WL 3540221, at *4 (S.D.N.Y. Aug. 11, 2021).

**APPLICATION**

As an initial matter, the documents in question are "judicial documents" in which the presumption of public access attaches. *Olson*, 29 F.4th at 89–90; *see also Monroe v. NorthStar Source Grp., LLC*, No. 23 Civ. 6220, 2026 WL 32827, at *2 (S.D.N.Y. Jan. 6, 2026) (finding that papers filed in opposition to a motion for summary judgment were certainly judicial documents). Here, the papers both Parties are seeking to seal were filed in support of the Parties' cross motions for summary judgment. Therefore, given the dispositive nature of the motion, the documents are judicial documents and a presumption of public access attaches. *Olson*, 29 F.4th at 89–90.

Further, insofar as Plaintiffs and CAB invoke the language of the Parties' agreed upon protective order, indicating that the information they seeks to seal—certain information about accountholders, their account information, descriptions of bank records, and descriptions of

CAB's financial databases—is subject to the protective order and therefore should be sealed, this presumption is incorrect. As this Court has stated previously, the presumption *against* public access only applies to documents that are *not* judicial documents. *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, Nos. 11 Civ. 6188, 11 Civ. 6192, 2014 WL 1407667, at *2 (S.D.N.Y. Apr. 11, 2014). Because the information the Parties seek to seal is contained in judicial documents, there is no presumption against public access, regardless of the fact that the information is subject to the protective order or is designated by the Parties as "Confidential Information – Attorneys Eyes Only." *See, e.g.*, *Susquehanna Int'l Grp. Ltd.*, 2021 WL 3540221, at *3 (finding that "bargained-for confidentiality" is not a "higher value" that can overcome the presumption of access to judicial documents) (collecting cases). The fact that material was designated by the Parties as confidential or was produced pursuant to a protective order has no bearing on the presumption of public access once the material becomes a judicial document. *Id.* Furthermore, the protective order explicitly provides that even if a document exchanged in discovery was marked by the producing party as "Confidential," there is no presumption that the document could be filed under seal and that the applicable law and Court sealing rules apply to any documents filed with the Court.

Turning to the weight of the presumption, these documents are submitted in connection with a dispositive motion, the Parties' cross-motions for summary judgment, and thus the weight accorded to the presumption of public access is especially strong. *Olson*, 29 F.4th at 89—90.

Having established that the documents in question are judicial documents to which a strong presumption of public access attaches, the Court now turns to considering whether there are countervailing "higher values" that outweigh the presumption.

CAB asserts that the information they are seeking to seal—the names and references to Bank records of specific CAB accountholders—is information of which banking customers have a justifiable expectation of privacy. CAB further asserts that they received waivers from bank customers that further set the expectation that their information would be treated in accordance with the protective order. CAB cites to the Court's Order granting its request that banking records be designated "Attorneys' Eyes Only." (ECF No. 359). Plaintiffs raise the same assertion in their motions to seal as well. However, as outlined above, the fact that the information was designated by the Parties as confidential, or "Attorneys' Eyes Only," under a protective order or was produced pursuant to a protective order has no bearing on the weight accorded to the presumption of public access and is not sufficient to overcome the presumption of public access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015); *see also Rojas v. Triborough Bridge & Tunnel Auth.*, No. 18 Civ. 1433, 2022 WL 773309, at *2 (S.D.N.Y. Mar. 14, 2022) ("[T]he showing required in connection with a sealing motion is significantly higher than the burden for obtaining a protective order in civil discovery.").

The information that the Parties seek to seal pertains to (1) names of individuals and entities that sent and received the wire transfers at issue in the motions for summary judgment; (2) information regarding the amounts and times of these transactions; (3) customer account numbers; (4) customer identifying information; and (5) personal account documents

from certain of CAB's customers. The information mostly spans the time period from approximately 1998 until 2004. The Parties argue that this information is personally sensitive and confidential banking information that was produced subject to protective order in this case, and, accordingly, sealing is warranted.

Courts have recognized a privacy interest in certain banking information, particularly where such information may reveal sensitive personal financial information that could be misused if publicly released or that may cause a personal safety issue or embarrassment to the customer. *See, e.g.*, *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 377 (S.D.N.Y. 2007) (recognizing that the disclosure of bank account numbers and social security numbers "could raise a personal safety issue" and permitting two bank checks to be filed under seal since "[t]his information could be used to work a financial fraud" on the customer). However, where certain information was central to the dispute at hand and did not pose the same high risk of financial fraud on the individual customers, such information was not permitted to be sealed. *Rojas v. Triborough Bridge & Tunnel Auth.*, 18 Civ. 1433, 2022 WL 773309, at *2–4 (S.D.N.Y. Mar. 14, 2022) (permitting individuals' E-ZPass account numbers, security questions, and account PIN numbers to be redacted, but unsealing information related to a plaintiff's toll fines and violations); *Ramirez v. Temin & Co., Inc.*, No. 20 Civ. 6258, 2020 WL 6781222, at *5-6 (S.D.N.Y. Nov. 18, 2020) (noting that although courts have sealed financial information that reveals "family affairs, illnesses, and embarrassing conduct," courts have "also often declined to seal personal information when it relates to allegations made in the complaint and filings and 'necessary to or helpful in resolving a motion.'"). Thus, not all banking information implicates a privacy interest, and courts frequently deny motions to seal financial

information that does not reveal highly sensitive or personal details. *See, e.g. Ramirez*, 2020 WL 6781222, at *5–6 (denying motion to seal banking information that did not include personal contact information or private account information); *Matter of Upper Brook Companies*, 22 MC 97, 2023 WL 172003, at *6 (S.D.N.Y. Jan. 12, 2023) (denying motion to seal “non-public financial information” gathered during a forensic review but permitting redaction of account numbers). This is especially true when the information “date[s] back several years” such that any privacy interest in that information is “stale.” *Upper Brook Companies*, 2023 WL 172003, at *6.

Here, CAB only makes conclusory assertions that the personal accountholder information is sufficiently sensitive to overcome the strong presumption of the public’s right to access this information, given “international comity” and the protective order in place. Again, for the reasons outlined above, the existence of the protective order does not automatically overcome the strong presumption of public access. Further, CAB does not make any fulsome arguments regarding its international comity argument in its motions to seal, beyond citing *Strauss v. Credit Lyonnais, S.A.*, where the court found that French bank secrecy laws “prohibit[ed] the disclosure” of certain materials sought. Nos. 6 Civ. 702, 7 Civ. 914, 2011 WL 4736359, at *4–5 (E.D.N.Y. Oct. 6, 2011). However, of note, in *Strauss*, the court found that the banking documents were of “marginal importance” to the motion at hand. *Id.* This is not the case here, and CAB does not outline the applicable Jordanian and Palestinian banking laws to which international comity would apply.

Moreover, it is unclear what privacy interest could exist in all of the information the Parties seek to seal. The names of the individuals and entities that initiated and received the transfers are not secret, and these names appear in the Parties’ public filings and are central to

the question of whether CAB knowingly and substantially aided terror. Similarly, the dollar amount of the transfers does not constitute sensitive information or reveal embarrassing or personal details about the customers. *See Ramirez*, 2020 WL 6781222, at *5–6 (denying motion to seal banking information that did not include private account information); *In re Hornbeam Corp.*, No. 14 MC 424, 2022 WL 60313, at *3–4 (S.D.N.Y. Jan. 6, 2022) (denying motion to seal attorney summaries of wire transfer records). This is also information that this Court has previously declined to seal.

Moreover, the transfers and transactional records in question date back approximately 20 years, and the Parties have not demonstrated why any privacy interest in this information is not stale now. *See Upper Brook Companies*, 2023 WL 172003, at *6. Indeed, much of the information concerns customers that no longer exist, branches that have long been sold, and bank accounts that CAB asserts have long been closed. The Parties offer no compelling rationale for how the disclosure of 20-year-old financial information of closed entities or accounts is harmful. *See id.*

That said, the Court recognizes that certain limited information in the Parties' voluminous exhibits may reveal "sensitive personal financial information" that could be misused if publicly released; specifically, any bank account numbers, routing numbers, electronic identifying numbers for bank accounts that remain open, and any other personal identifying information such as addresses, social security numbers, or passport numbers. *See Prescient Acquisition Grp., Inc.*, 487 F. Supp. 2d at 377 (recognizing that the disclosure of bank account numbers and social security numbers "could raise a personal safety issue"). Accordingly, as this Court has ordered previously, to the extent the Parties' exhibits contain

account numbers, routing numbers, electronic identifying numbers for accounts that are still open, and personal identifying information, the Parties may redact this information.

**CONCLUSION**

The Parties' motions to seal are granted in part and denied in part. Specifically, the motions are DENIED except to the extent the exhibits contain account numbers, routing numbers, electronic identifying numbers for accounts that are still active/open, and personal identifying information, which may be redacted. **The Clerk of the Court is respectfully directed to terminate the motions to seal at ECF Nos. 451, 455, 471, 477, 490, 493, and to unseal the following documents:**

- The document at **ECF No. 457** (Plaintiffs' moving brief) and the document at **ECF No. 458** (Plaintiffs' 56.1 Statement).
- The document at **ECF No. 473** (Plaintiff's opposition brief).
- The document at **ECF No. 495** (Plaintiff's reply brief).
- The document at **ECF No. 459** (Defendant's moving brief) and the document at **ECF No. 461** (Defendant's 56.1 Statement).
- The document at **ECF No. 463** (Declaration of Al Qassem).
- The document at **ECF No. 491** (Defendant's reply brief).

By **Wednesday, November 18, 2026**, the Parties shall publicly file their exhibits with limited redactions of *only* account numbers, routing numbers, and electronic identifying numbers for accounts that are still active, or similar personal, identifying information (e.g., social security numbers, passport numbers, photos of IDs, and signatures) that could pose a real safety issue to CAB's customers or other individuals. The filings shall be clearly labeled on ECF as public filings of the MTD exhibits and should electronically reference the sealed version of the documents on ECF. The following public filings shall also be completed by **November 18, 2026**:

- Plaintiffs should also file versions of their document at **ECF No. 474**, redacted only insofar as it identifies addresses for accountholders.
- Defendants should also file versions of their document at **ECF No. 478**, insofar as it identifies power of attorney or signatories for accounts.
- Defendants should also file versions of their document at **ECF No. 485**, insofar as it identifies power of attorney or signatories for accounts.

If the Parties do not publicly file the documents with narrow redactions in accordance with this opinion by **November 18, 2026**, the Court will direct that the documents be unsealed.

**SO ORDERED.**

Dated: November 5, 2026

New York, New York

KATHARINE H. PARKER
United States Magistrate Judge