USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/19/2026

**DLA Piper LLP (US)**
500 Eighth Street, NW
Washington, DC 20004
www.dlapiper.com

APPLICATION GRANTED

Hon. Katharine H. Parker, U.S.M.J.

11/19/2026

The Court thanks the Parties for their compliance with its sealing order; the Court further grants Defendant's request to file Plaintiff's 56.1 statement with limited redactions as done at ECF No. 516.

November 19, 2026

**VIA ECF**
Hon. Katharine H. Parker
United States Magistrate Judge
United States District Court, Southern District of New York
500 Pearl Street
New York, NY 10007

***Re: Averbach et al. v. Cairo Amman Bank, 19-cv-00004-GHW-KHP***
**Order on Motion to Seal (ECF 511)**

Dear Magistrate Judge Parker:

We write on behalf of Defendant Cairo Amman Bank ("CAB" or the "Bank") with regard to the Court's Opinion and Order on Motions to Seal dated November 5, 2026 (ECF 511) ("Order"), and the Parties' corresponding filings.

The Order directed the Parties to publicly file their exhibits "with limited redactions of only account numbers, routing numbers, and electronic identifying numbers for accounts that are still active, or similar personal, identifying information (e.g., social security numbers, passport numbers, photos of IDs, and signatures) that could pose a real safety issue to CAB's customers or other individuals." Order at 9; *see id.* ("[T]o the extent the Parties' exhibits contain account numbers, routing numbers, electronic identifying numbers for accounts that are still open, and personal identifying information, the Parties may redact this information.").

We write to explain how we implemented the Order in light of the limited record in the case as to the open/active status of accounts. For any account where the record shows that the account is closed, we have not redacted account numbers, routing numbers, or other electronic identifying numbers (such as customer ID numbers). But as the Court is aware, the record does not reveal the current status of all accounts as open or closed. In instances where the limited record does not reveal the status of the account as open or closed, we have applied the narrow set of permissible redactions.[1]

[1] Plaintiffs cannot do otherwise, given the information available to them, and, as the Court is aware, the Bank cannot disclose (either directly or by implication) whether it presently maintains a given account without violating foreign bank secrecy. Prior briefing addressed, and this Court acknowledged, the foreign law grounds for this. *See* ECF 325 at 5; ECF 431 at 23 n.18, 24–25;

DLA PIPER



In addition, the Order permitted CAB to publicly file its Response to Plaintiffs' Rule 56.1 Statement (ECF 478) with redactions "insofar as it identifies power[s] of attorney or signatories for accounts." Order at 10. CAB's Response restates the numbered paragraphs that appeared in Plaintiffs' Rule 56.1 Statement (ECF 458), and CAB's three redactions to its Response (ECF 478) address text identifying "power[s] of attorney or signatories" that appear in Plaintiffs' numbered paragraphs. The Order, however, directs that Plaintiffs' Rule 56.1 Statement be unsealed. *Id*. at 9. Unsealing Plaintiffs' Rule 56.1 Statement (ECF 458) in its entirety would publicly disclose the very information the Court has permitted to be redacted in CAB's Response (ECF 478). Accordingly, CAB respectfully requests that, in lieu of unsealing ECF 458 in its entirety, the Court accept Plaintiffs' submission of a public version of their Rule 56.1 Statement with limited redactions that correspond to the redactions in CAB's Response. Plaintiffs have made this submission at ECF 516.

We thank the Court for its attention to this matter.

Respectfully submitted,

Samantha Lee Chaifetz

Samantha L. Chaifetz

cc: All Counsel (via ECF)

---

ECF 301 (Decl. of Palestinian banking law expert); ECF 302 (Decl. of Jordanian banking law expert); *see also* ECF 303 at 4–8.